IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN     DIVISION

Mr. Ryan Roberts

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-against-

the Department of Veterans Affairs

see attached

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

**Complaint for Employment Discrimination**

Case No. 20-CV-00076-GAF

(to be filled in by the Clerk's Office)

### REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury.  ☐ Yes  ☒ No

Defendants:

- The Department of Veterans Affairs Veterans Health Administration
- Dr. Richard Stone
- Dr. William Patterson
- Mr. Ricky Ament
- Ms. Valerie McClaran
- Ms. Christina Dean
- Ms. Sandra Miller

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Ryan Roberts
Street Address: 201 S Grand Mere
City and County: Wichita Sedgwick
State and Zip Code: KS 67230
Telephone Number: 316 250 9814
E-mail Address: ryanwroberts1@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
Name: the Department of Veterans Affairs
Job or Title (if known): Veterans Health Administration
Street Address: 810 Vermont Ave NW
City and County: Washington DC
State and Zip Code: Washington DC 20420
Telephone Number: 800 827 1000
E-mail Address (if known):

Defendant No. 2
Name: Dr. Richard Stone
Job or Title (if known): Executive in charge VHA
Street Address: 810 Vermont Ave NW
City and County: Washington DC

2

Defendant No 3
  Dr. William Patterson
  VISN 15 Director
  1201 S Walnut suite #800
  Kansas City    Wyandotte
  KS             64106
  816 701 3002
  william.patterson@va.gov

Defendant No 4
  Mr. Ricky Ament
  Robert J Dole VAMC Facility Director
  5500 E Kellogg dr
  Wichita     Sedgwick
  KS          67218
  316 685 2221
  ricky.ament@va.gov

Defendant No 5
  Ms. Valerie McClaran
  PSB Chairperson, CRNA
  4801 E Linwood Blvd
  Kansas City    Jackson
  MO             64128
  816 861 4700
  valerie.mcclaran@va.gov

Defendant No 6
   Ms. Christina Dean
   Employee Relations / Labor Relations
   5500 E Kellogg dr
   Wichita      Sedgwick
   KS           67218
   316 685 2221
   christina.dean@va.gov

Defendant No 7
   Ms. Sandra Miller
   Employee Relations / Labor Relations
   5500 E Kellogg dr
   Wichita      Sedgwick
   KS           67218
   316 685 2221
   sandra.miller13@va.gov

State and Zip Code   Washington DC 20420
Telephone Number   202 461 7000
E-mail Address   richard.stone2@va.gov
(if known)

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name   Robert J Dole VAMC
Street Address   5500 E Kellogg dr
City and County   Wichita  Sedgwick
State and Zip Code   KS   67218
Telephone Number   316 685 2221

## II. Cause of Action

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☒ Other federal law *(specify the federal law)*:
5 CFR 752.404, 39 USC § 7422, 5 USC § 7513

☐ Missouri Human Rights Act, Missouri Revised Statute § 213.055

☐ Other state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

## III. Administrative Procedures

A. Did you file a charge of discrimination against Defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

☐ Yes    Date filed: _____
☒ No

*Attach copy of the charge to this Complaint*

B. Have you received a Notice of Right-to-Sue Letter from the Equal Employment Opportunity Commission?

☐ Yes  ☒ No

*If yes, please attach a copy of the letter to this Complaint.*

C. Did you file a charge of discrimination against Defendant(s) with the Missouri Commission on Human Rights?

☐ Yes    Date filed: _____
☒ No

*Attach copy of the charge to this Complaint*

D. Have you received a Notice of Right-to-Sue Letter from the Missouri Human Rights Commission?

☐ Yes  ☒ No

*If yes, please attach a copy of the letter to this Complaint.*

4

E.  If you are claiming *age discrimination*, check one of the following:

☐ 60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

☐ fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission

## IV. Statement of Claim

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☐ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☐ Unequal terms and conditions of my employment.
☐ Retaliation.
☐ Harassment/Hostile Work Environment
☐ Other acts *(specify)*: violation of 5 USC § 7513, 5 CFR 752.404 violation of definition of 38 USC § 7422

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on the following date(s):

Oct 22nd 2019, Jan 24th 2020, Feb 3rd 2020

C. I believe that defendant(s) *(check one)*:

☒ is/are still committing these acts against me.
☐ is/are not still committing these acts against me.

5

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*
_____

E. Write a short and plain statement of FACTS that support your claim. Do not make legal arguments. You must include the following information:

- What happened to you?

- What injuries did you suffer?

- Who was involved in what happened to you?

- How were the defendants involved in what happened to you?

- Where did the events you have described take place?

- When did the events you have described take place?

If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

see attached

6

1. 5 USC §7513 (b)(2) & 5 CFR 752.404(c)(1)–

    a. The Department of Veterans Affairs Veteran Health Administration (VHA) denied Mr. Roberts since he was first made aware of allegations against himself on January 24th 2020 and had to respond to the Summary Review Board by January 29th 2020.

    b. This timeframe denied Mr. Roberts the 7 days authorized under 5 USC §7513 (b)(2) & 5 CFR 752.404(c)(1) to obtain documentation, evidence, and witness statements to support his defense against the allegations listed in the evidence of the Summary Review Board (SRB).

    c. The denial of time has caused irreparable harm against the character of Mr. Roberts during the SRB investigation, by denying him the "reasonable amount of time" to create and prepare his defense against the allegations, thus causing irreparable harm against his character and Professional Conduct, as he was denied access to the documentation to refute the allegations.

    d. Christina Dean (Employee Relations / Labor Relations Specialist) under Mr. Ament, denied Mr. Roberts the "reasonable time" as listed in 5 USC §7513 & 5 CFR 752.404(c)(1). As such, Mr. Ament directly violated Mr. Roberts' right to "reasonable time" to prepare his defense and access to documents, evidence, and witnesses in a rush to force through the SRB process to facilitate the termination of Mr. Roberts before his probationary time expires on March 12th 2020.

    e. Mr. Roberts was denied the "reasonable time" on January 24th 2020 as he was instructed in the SRB "Charge Letter" to respond by January 29th 2020.

2. 5 CFR 752.404(b)(3) –

    a. The Department of Veterans Affairs VHA violated 5 CFR 752.404(b)(3) since Mr. Roberts was detailed on October 22nd 2019 from the Anesthesia Department at the Robert J Dole VAMC to Facility Management at the Robert J Dole VAMC, in violation of 5 CFR 752.404(b)(3), as Mr. Roberts at no time met the requirements listed as "a threat to the employee or others, result in loss of or damage to Government property, or otherwise jeopardize legitimate Government interests" and there is no documentation contained within the evidence of the "Charge Letter" to show otherwise.

    b. Mr. Roberts suffered harm to his character as Dr. Stephanie Dreiling and Christina Dean communicated on November 21st 2019, that Mr. Roberts was allegedly a "threat" to the department and was removed pending termination for failure to "be a good fit" for the Anesthesia Department at the Robert J Dole VAMC.

    c. Rumors and gossip that was intentionally spread by Christina Dean and Dr. Stephanie Dreiling destroyed Mr. Roberts character and ability to obtain unbiased and untampered witness statements, as the rumors included the information that if anybody spoke up in defense of Mr. Roberts in the pending SRB investigation that they would be retaliated against by the administration of the Robert J Dole VAMC.

    d. Mr. Ament has allowed a culture of workplace harassment to culture and thrive within the Robert J Dole VAMC that prevented Mr. Roberts from preparing and presenting a defense to the allegations against him that are listed within the Scope

and evidence of the "Charge Letter". These events took place at the Robert J Dole VAMC, from November 21st 2019 through present time.

3. 38 USC §7422(c) -

   a. The Department of Veterans Affairs VHA has intentionally chosen to deceive the members of the SRB board by changing the definition of Professional Conduct and Competency from (1) Direct Patient Care (2) Clinical Competence, to include "behavior".

   b. The Department of Veterans Affairs VHA was notified that this false definition violated 38 USC §7422(c) when Mr. McClure contacted Sandra Miller, Christina Dean's employee, and informed her through email on January 27th 2020.

   c. Sandra Miller replied to Mr. McClure's email on January 28th 2020 (approximately 0915) and stated that Mr. Roberts' case involved "Professional Conduct" and as such was not covered under 38 USC §7422(c).

   d. The false definition that the Department of Veterans Affairs VHA utilizes to define "Professional Conduct" is in direct conflict with the definition of 38 USC §7422(c), and as such provided a lack of clarity to the members of the SRB, causing the members to violate 38 USC §7422(c), causing the Board to facilitate a determination against Mr. Roberts that directly violates US Code.

   e. Christina Dean stated that she has been doing this (her job) for 21 years and understands the legal definitions and that the Department of Veterans Affairs VHA does not have to follow 38 USC §7422(c), on February 3rd 2020 at the Kansas City VAMC, Building 2, Conference Room 118, at approximately 1400 to Mr. Roberts and Mr. McClure.

    f. The lack of definition, and forced actions, of Christina Dean caused the Board to violate Mr. Roberts' rights by having a Board determine the "Performance and Conduct" of Mr. Roberts through false and misleading definitions.

    g. The Board is determining whether Mr. Roberts should be terminated or to become a full-time employee of the Robert J Dole VAMC, and under the false definition provided by the Department of Veterans Affairs VHA, by Christina Dean, places the financial security of Mr. Roberts to provide for himself and his family in peril, through loss of employment and financial income.

    h. The violations of 38 USC §7422(c) has been ongoing since January 24th 2020 through present day.

    i. The Department of Veterans Affairs VHA has intentionally chosen to misrepresent and deceive employees, in this case the members of the SRB, through intentionally creating their own definition that contradicts Federal definitions and to create definitions that suit their own distorted needs.

4. 38 USC §7462(b)(1)(a)

    a. The Department of Veterans Affairs VHA completely violated 38 USC §7462(b)(1)(a) by failing to give Mr. Roberts "a statement of any specific law, regulation, policy, procedure, practice, or other specific instruction that has been violated with respect to each charge, and a file containing all the evidence in support of each charge".

    b. The Department of Veterans Affairs VHA only presented Mr. Roberts with the information that they wanted Mr. Roberts to see, denying him access to ALL of the evidence to support each charge within the "Charge Letter" and ALL evidence

utilized to build each piece of evidence contained within the "Charge Letter" (signed witness statements, authorization to conduct the Fact Finding Analysis, Certification of the Fact Finding Analysis, emails, documentation to substantiate the allegations that Mr. Roberts' direct patient care was "dangerous", documentation to substantiate the alleged "behavior" of Mr. Roberts was "threatening", and documents showing that Mr. Roberts had filed Protected Disclosures against Dr. Bashyakarla in the timeframe leading up to the decision to "detail" Mr. Roberts, etc.)

c. The denial of ALL of the evidence to Mr. Roberts by the Department of Veterans Affairs VHA prevented Mr. Roberts from building a defense against the allegations of Mr. Roberts that were contained in the "Charge Letter", causing irreparable harm against Mr. Roberts by putting the financial stability and safety of himself and his family into harm through the loss of employment, destruction of his personal character, defamation of his professional competency, and inability to gain further employment as a CRNA in peril.

d. The violation of 38 USC §7462(b)(1) by the Department of Veterans Affairs VHA was conducted by Sandra Miller, Christina Dean, and Dr. Cummings, under the supervision of Mr. Ament at the Robert J Dole VAMC from October 22nd 2019 through present day.

Winter v. Natural Resources Defense Council, Inc. 555 U.S. 7,22 (2008)

Under this four part test, a plaintiff seeking a preliminary injunctive relief must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.

1. If the Department of Veterans Affairs VHA had given ALL evidence to Mr. Roberts that was utilized to substantiate all of the claims against Mr. Roberts and If the Department of Veterans Affairs VHA had followed all procedures as set forth in 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) then Mr. Roberts would have been able to appropriately prepare for and show irrefutable evidence that all of the allegations contained within the "Charge Letter" were fictitious and created with malicious intent to terminate Mr. Roberts for filing Protected Disclosures against Dr. Bashyakarla, Chief of Anesthesia at the Robert J Dole VAMC.
2. By the Department of Veterans Affairs VHA intentionally violating 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) Mr. Roberts' rights were violated and put Mr. Roberts into a position to prevent him from defending himself with a solid, evidence supported, defense that would prevent irreparable harm against himself and his family through loss of financial stability, income, and ability to gain employment as a CRNA after the defamation and destruction of his character and professional competency that was brought about during the SRB process.

3. If the Department of Veterans Affairs VHA had followed 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) to standard, then Mr. Roberts would not have been put into a situation that required him to rush through creating a defense that was lacking the supporting documentation that was made available to the Department of Veterans Affairs VHA in creating the evidence contained within the "Charge Letter". The failure of the Department of Veterans Affairs VHA to follow 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) put Mr. Roberts at a severe disadvantaged, and if the Department of Veterans Affairs VHA would have followed the Federal Statutes then the inequalities would have tipped into Mr. Roberts favor. The Department of Veterans Affairs VHA intentionally violated 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) to prevent Mr. Roberts from having an advantage during the SRB process.

4. A failure by the Court to immediately grant the injunction will only strengthen and embolden the Department of Veterans Affairs VHA to further retaliate against other employees who have made Protected Disclosures against leadership, to protect patient safety. Without granting an immediate injunction the Department of Veterans Affairs VHA will intentionally target the other "new hires", as they will be in imminent danger of termination for their actions to speak out against patient safety violations at the Robert J Dole VAMC as clearly stated in Recommendation #7 of the Fact Finding Analysis.

_____
_____
_____

## V. Relief

As relief from the allegations of discrimination as stated above, Plaintiff prays that the court grant the following relief to Plaintiff: (check any and all that apply)

- [ ] Defendant be directed to employ Plaintiff
- [ ] Defendant be directed to re-employ Plaintiff
- [ ] Defendant be directed to promote Plaintiff
- [ ] Defendant be directed to _____
- [ ] Monetary damages (please explain): _____
- [x] As additional relief to make Plaintiff whole, Plaintiff seeks (please specify and explain):
  see attached

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Feb 4th, 2020.

Signature of Plaintiff  *Ryan Roberts*

Printed Name of Plaintiff  Ryan Roberts

7

Relief:

1. Immediately grant an injunction to cease all retaliation against Mr. Roberts, specifically to include the SRB process, and make Mr. Roberts a full-time employee in accordance with the conclusion of his 2-year probationary time.
2. Immediately notify the Department of Veterans Affairs VHA that the Agency MUST follow all procedures and statutes contained within 5 USC §7513 (b)(2), 5 CFR 752.404(c)(1), 5 CFR 752.404(b)(3), 38 USC §7422(c), and 38 USC §7462(b)(1)(a) in ALL cases against ALL employees of the Department of Veterans Affairs VHA.
3. Immediately provide a clear definition of "Professional Conduct and Competency" for the Department of Veterans Affairs VHA to utilize across all Veterans Affairs Medical Facilities when conducting all recommendations or reviews for disciplinary actions.
4. Order the Department of Veterans Affairs VHA to initiate and complete a full, thorough, professional, and unbiased OIG investigation of all cases in which the Robert J Dole initiated, or executed, disciplinary action against employees of the Department of Veterans Affairs VHA.
    a. The OIG investigation will be completed within 180 days of the Court granting the injunction against the Department of Veterans Affairs VHA.
    b. Identifying all cases that contain errors relating to, but not limited to violation of: procedural actions; VA Policies; VA Directives; Federal Statutes; and/or Criminal Statutes; and listing all violations that are contained in every case, to include who was responsible for causing stated violation.