IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN W ROBERTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE DEPARTMENT OF VETERANS ) <br> AFFAIRS, VETERANS HEALTH ) <br> ADMINISTRATION; DR. RICHARD ) <br> STONE, EXECUTIVE IN CHARGE VHA; ) <br> DR WILLIAM PATTERSON, VISN 15 ) <br> DIRECTOR; RICKY AMENT, ROBERT J ) <br> DOLE VAMC FACILITY DIRECTOR; ) <br> VALERIE MCCLARAN, PSB ) <br> CHAIRPERSON, CRNA; CHRISTINA ) <br> DEAN, EMPLOYEE ) <br> RELATIONS/LABOR RELATIONS; AND ) <br> SANDRA MILLER, EMPLOYEE ) <br> RELATIONS/LABOR RELATIONS; ) <br> ) <br> Defendants. ) | Case No. 4:20-00076-CV-RK |

## ORDER

Plaintiff's Complaint (Doc. 1) was filed on February 4, 2020. On February 14, 2020, Plaintiff filed his Return of Service of the Complaint (Docs. 7, 8, 9) showing that Defendants Sandra Miller, Christina Dean, and Ricky Ament were served on February 10, 2020. On March 30, 2020, Plaintiff filed his Return of Service as to the other Defendants. (Docs. 13-16.) On the same day, Plaintiff filed a motion for default judgment. (Doc. 12.)

From a review of the returns of service, it appears Plaintiff has not properly served Defendants. *See* Fed. R. Civ. P. 4(i). Pursuant to Rule 4(i):

> To serve a United States agency, or an officer or employee sued in his official capacity, a party must (1) deliver a copy of the summons and complaint personally or by registered or certified mail to the United States Attorney (or a designated subordinate) for the district where the action is brought; (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy of each by registered or certified mail to the agency, officer, or employee.

*Cooper v. True*, No. 016CV02900MJDKMM, 2017 WL 620791, at *2 (D. Minn. Jan. 25, 2017) (citing Fed. R. Civ. P. 4(i)), report and recommendation adopted, No. 016CV02900MJDKMM, 2017 WL 600078 (D. Minn. Feb. 14, 2017); *see also Ziskovsky v. RSFM, Inc.*, No. 3:09-CV-0052-JAJ, 2009 WL 10665426, at *2 (S.D. Iowa June 11, 2009). "For individual-capacity claims against a federal officer or employee, a party must serve the United States in the same manner as required by Rule 4(i)(1) and serve the officer or employee according to Rule 4(e), (f), or (g)." *Cooper*, 2017 WL 620791, at *2. Even if Plaintiff's claims against the individual Defendants are individual-capacity claims, the Court is still unconvinced, with the exception of Defendant Christina Dean[1], service was proper.

Because the Court has doubts as to whether service was proper, the Court **DENIES** Plaintiff's motion for default judgment.[2] *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) (where plaintiff failed to properly serve defendants, entry of default or default judgment was improper). It is further **ORDERED** that Plaintiff show cause by May 8, 2020, why this case should not be dismissed for failure to prosecute, namely to properly serve Defendants. If Plaintiff fails to show cause in a satisfactory manner, or properly serve the Defendants and provide proof there of, the case will be dismissed as to all Defendants, except Defendant Dean, without prejudice and without further notice.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: April 24, 2020

---

[1] The return of service for Christina Dean indicates she was served personally in compliance with Rule 4(e).

[2] Even if the Court believed service was proper, granting a default judgment is a two-step process; Plaintiff first would need to seek an entry of default.