IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN W ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-00076-CV-RK |
| | ) |
| THE DEPARTMENT OF VETERANS AFFAIRS, VETERANS HEALTH ADMINISTRATION; DR. RICHARD STONE, EXECUTIVE IN CHARGE VHA; DR WILLIAM PATTERSON, VISN 15 DIRECTOR; RICKY AMENT, ROBERT J DOLE VAMC FACILITY DIRECTOR; VALERIE MCCLARAN, PSB CHAIRPERSON, CRNA; CHRISTINA DEAN, EMPLOYEE RELATIONS/LABOR RELATIONS; AND SANDRA MILLER, EMPLOYEE RELATIONS/LABOR RELATIONS; | ) |
| | ) |
| Defendants. | ) |

**SECOND ORDER TO SHOW CAUSE TO PROVIDE PROOF OF PROPER SERVICE**

Plaintiff's Complaint (Doc. 1) was filed on February 4, 2020. On February 14, 2020, Plaintiff filed his Return of Service of the Complaint (Docs. 7, 8, 9) asserting that Defendants Sandra Miller, Christina Dean, and Ricky Ament were served on February 10, 2020. On March 30, 2020, Plaintiff filed his Return of Service as to the other Defendants. (Docs. 13-16.) On the same day, Plaintiff filed a motion for default judgment. (Doc. 12.) The Court then ordered the Plaintiff to show cause why the case should not be dismissed for failure to properly serve several Defendants and denied Plaintiff's motion for default judgment. (Doc. 17.) From a review of Plaintiff's response, it still appears Plaintiff has not properly served all Defendants. *See* Fed. R. Civ. P. 4. Further, Plaintiff has not indicated whether he is suing the individual Defendants in an individual and/or official capacity. As the rules for service differ slightly depending on whether an employee of the Government is sued in an individual or official capacity, the Court will address each below.

Pursuant to Rule 4(i):

> To serve a United States agency, or an officer or employee sued in his official capacity, a party must (1) deliver a copy of the summons and complaint personally or by registered or certified mail to the United States Attorney (or a designated subordinate) for the district where the action is brought; (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) send a copy of each by registered or certified mail to the agency, officer, or employee.

*Cooper v. True*, No. 016CV02900MJDKMM, 2017 WL 620791, at *2 (D. Minn. Jan. 25, 2017) (citing Fed. R. Civ. P. 4(i)), report and recommendation adopted, No. 016CV02900MJDKMM, 2017 WL 600078 (D. Minn. Feb. 14, 2017); *see also Ziskovsky v. RSFM, Inc.*, No. 3:09-CV-0052-JAJ, 2009 WL 10665426, at *2 (S.D. Iowa June 11, 2009). Here, as to the first requirement, Plaintiff has allegedly mailed a copy of the summons and Complaint to the United States Attorney for the Western District of Missouri. Regarding the second requirement, Plaintiff has also sent copies to the Attorney General. However, as to the third requirement, Plaintiff has only sent copies to Defendants Department of Veteran Affairs, Dean, Stone, and Patterson.[1] Therefore, the Court believes Plaintiff has not properly served the other Defendants in their official capacity.[2]

Even if Plaintiff's suit allege individual capacity claims against the individual Defendants, the Court is still unconvinced, with the exception of Defendant Christina Dean[3], service was proper. "For individual-capacity claims against a federal officer or employee, a party must serve the United States in the same manner as required by Rule 4(i)(1) and serve the officer or employee according to Rule 4(e), (f), or (g)." *Cooper*, 2017 WL 620791, at *2. The Court believes service against the other Defendants remains insufficient for any individual capacity claims Plaintiff may have. For instance, Defendants Miller and Ament were allegedly served by providing a copy of the summons and Complaint to Defendant Dean. Defendant McClaran was allegedly served by providing a copy of the summons and Complaint to a Deborah Graham McCook, a human resources representative. Plaintiff has not shown how this complies with the applicable state law for service of process or otherwise complies with one of the other available means of service under

---

[1] While Plaintiff has provided certified mail receipts, the Court is not making a determination at this time that either the addresses were correct or the mailings contained the necessary information.

[2] In several of Plaintiff's returns, it is indicated the summons and Complaint were left with individuals, not the individual Defendants, at places of employment. To the extent Plaintiff is arguing this was sufficient service, the Court remains unconvinced such attempts satisfy the requirements of Rule 4.

[3] The return of service for Christina Dean indicates she was served personally in compliance with Rule 4(e).

Rule 4(e).  Defendants Patterson and Stone were allegedly served by certified mail at a Missouri address and Washington D.C. address respectively.  Again, Plaintiff has not shown how this was sufficient process.  *See* Mo. Rev. Stat. § 506.150 (service by mail permitted only if the defendant acknowledges service); D.C. Super. Ct. R. Civ. P. 4(i) (suggesting service by mail is improper for government employees sued in their individual capacities).

Because the Court has doubts as to whether service was proper, the Court **ORDERS** that Plaintiff properly serve all Defendants, and provide proof thereof, or show cause why proper service was not completed by June 12, 2020.  Failure to do so will result in the dismissal, without prejudice, of all Defendants not properly served without further notice.  It is further **ORDERED** that Plaintiff is to inform the Court whether he is attempting to sue the individual Defendants in an official and/or individual capacity.

**IT IS SO ORDERED.**

                                                 s/ Roseann A. Ketchmark
                                      ROSEANN A. KETCHMARK, JUDGE
                                      UNITED STATES DISTRICT COURT

DATED:  May 12, 2020