# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| RYAN ROBERTS, | ) | |
| Plaintiff, | ) | |
| V. | ) | Case No. 20-00076-CV-W-RK |
| DEPARTMENT OF VETERANS AFFAIRS, DR. | ) | |
| RICHARD STONE, DR. WILLIAM | ) | |
| PATTERSON, RICKY AMENT, VALERIE | ) | |
| MCCLARAN, CHRISTINA DEAN, SANDRA | ) | |
| MILLER | ) | |
| Defendants, | ) | |

## RESPONSE TO MOTION TO DISMISS FROM JEFFREY RAY

### I.     FACTS OF THE CASE

- Mr. Ryan Roberts was notified that he would be terminated on October 22nd, 2019 (see Exhibit 2, specifically pages X-42 through X-47, deposition of the Chief of Staff, Dr. Robert Cummings)
- Mr. Ryan Roberts was informed that the meeting was to inform him that he would be terminated on October 22nd, 2019 (see exhibit 3, specifically pages I-5 through I-7, Memorandum of Record.  On page I-6 first bullet about the October 22nd meeting the agency responded "The bigger picture reason for the meeting with Dr. Cummings and Christina Dean was to inform Mr. Roberts of the fact-finding results, close the loop on any questions, let him know he would be terminated during his probationary period, and would be detailed to Facilities until that time")
- Mr. Ryan Roberts was detailed for "Professional competence or conduct" (see exhibit 8, specifically page Z-7)
- Mr. Ryan Roberts was never notified of the specific allegations for why he was detailed (see exhibit 6) violation of 5 C.F.R. §752.404(b)(1)
- Mr. Ryan Roberts was not given 30-days to respond to the allegations of "misconduct" (see exhibit 2, specifically X-47, line item 15 through 24, Dr.

Cummings never stated that he gave Mr. Roberts a chance to reply after being informed he would be terminated.)
- Mr. Ryan Roberts was informed at the close of business, approximately 1630, on January 24th 2020 of the SRB/PSB and was given a package by the AFGE Union Local 477 (see exhibit 4)
- Mr. Ryan Roberts was informed that he had to reply "by January 29th 2020" (see exhibit 4)
  - The definition of "by" is confusing and vague as it has two meanings: either Mr. Roberts had to respond before the start of the day, January 29th, 2020; or that Mr. Roberts was able to respond on January 29th, 2020
    - The length of time, not counting the day that Mr. Roberts received the Charge letter, is five (5) days if you count that Mr. Roberts could have presented his rebuttal on January 29th, 2020
    - The length of time, not counting the day that Mr. Roberts received the Charge letter, is four (4) days if you count that Mr. Roberts had to respond before 2359 hours on January 28th, 2020
- Mr. Ryan Roberts had not committed any crimes that would have invoked the criminal provision of Title 5 U.S.C. §7513(b)(1) "unless there is reasonable cause to believe the employee has committed a crime for which there is a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action" (see exhibit 5, specifically page AD-2)
- Mr. Ryan Roberts was not afforded a reasonable amount of time, Title 5 U.S.C. §75113, 5 C.F.R. §752.404(b)(1), as Mr. Roberts was not given 30 days, nor was he given 7 days to respond.
- Mr. Ryan Roberts was not given all of the evidence that was utilized to come to the decision for adverse action (termination) by the Defendants, as the Defendants intentionally withheld the witness statements utilized to create the "Fact Finding Report" that Heather Brown created (see exhibit 5 and exhibit 9)
- Sydney Kaus (Chief of Human Resources, at the Robert J Dole VAMC, Veteran Health Administration, Department of Veterans Affairs) stated that Mr. Roberts was informed that the reason for detail (and reason for termination, per Dr. Cummings, exhibit 2) was related to "Professional competence or conduct" (see exhibit 8, page Z-7)
  - Title 38 U.S.C. §7422(c) defines "Professional conduct or competence" as (1) Direct Patient Care, (2) Clinical Competence.
  - Sydney Kaus gave the reason of detail as "Professional competence or conduct", as a reason for why a Title 38 employee was denied Union representation at the October 22nd, 2019 meeting

where Mr. Roberts was informed he would be terminated as Title 38 U.S.C. §7422(b) states that "Such collective bargaining (and any grievance procedures provided under a collective bargaining agreement) in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title" that is the basis for denying Union Representation, as Mr. Roberts was not covered by Union Representation because the issue related to his termination and detail is directly linked to Title 38 U.S.C. §7422.

- On February 10th, 2020, Christina Dean, an attorney (see exhibit 1) that is employed by the Robert J Dole VAMC, Department of Veterans Affairs, signs for the Summons and Complaint for Ricky Ament, Sandra Miller, and herself (Christina Dean) (see exhibit 7)
- August 25th, 2020, Mr. Jeffrey Ray asks the Court for an extension of time to respond to the Court
- September 1st, 2020, Mr. Jeffrey Ray files two (2) Motions to the Court, and subsequently mails a copy of both of the Motions to Mr. Ryan Roberts at his residence in Wichita KS.

## II.    DISCUSSION RELATED TO THE CREDIBILITY OF JEFFREY RAY

In Jeffrey Ray's "MOTION OF THE VA TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICION OF, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM", Mr. Jeffrey Ray has made multiple statements in his writing that can be proven to be false, misleading, and created with the intent to deceive the court.  As such, Mr. Jeffrey Ray has shown, through his own words versus the physical evidence created by the Department of Veterans Affairs and the named Defendants, that his statements to the Court are not based in FACT and that he has gone to great lengths to intentionally deceive the Court.

On the first page of the Motion, second paragraph, Mr. Jeffrey Ray makes the following statement, "Prior to the expiration of his probationary period, the VA – following the established procedures and protocols set out in federal law, federal regulations, and the VA HANDBOOK". This statement is known to be false through the definition of Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b), as well as VA Handbook 5021/20, Part III, version June 4th 2018.

Mr. Jeffrey Ray provided Exhibit E as evidence that the Defendants and the Department of Veterans Affairs had IN FACT followed the VA Handbook 5021/20, Part III in their actions and decisions related to the employment of Mr. Ryan Roberts. However, the copy that Mr. Jeffrey Ray provided to the Court has multiple dates at the top of the pages, and fails to state the reasoning as to why the dates for the specific pages range from April 15th 2002 through February 19th 2016. The copy that the Department of Veterans Affairs released during the Discovery and Interrogatory phase of Mr. Robert Ryan's case in MSPB on July 14th 2020 (see exhibit 5, page 306-312), is different than the copy of VA Handbook 5021 that Mr. Jeffrey Ray has provided to the Court (Defendant's Exhibit E) and Mr. Jeffrey Ray has failed to provide to the Court a reason for why the Department of Veterans Affairs representatives have produced two (2) different versions of VA Handbook 5021 as evidence, and which copy of VA Handbook 5021 is the most recent and relevant to the actions that the Department of Veterans Affairs and the Defendants conducted in 2019 and 2020 against Mr. Ryan Roberts.

The FACT that the Defendants and the Department of Veterans Affairs failed to follow Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), and C.F.R. §752.404(d)(1) by denying Mr. Ryan Roberts reasonable time to respond to the accusations before the decision for termination was made on October 22nd 2019 (see Exhibit 2 & 3), and not on February 7th 2020 (see exhibit D), shows clear and concise physical evidence that Mr. Jeffrey Ray's narrative of the "facts" are IN FACT false statements with the intent to deceive the Court, fully knowing that the Defendants and Department of Veterans Affairs did IN FACT violate the above mentioned Code of Federal Regulations.

On page 2, Mr. Jeffrey Ray states, "the VA informed Roberts that a Professional Standards Board, also referred to as a summary review board ("SRB"),". This statement is directly contradicted in VA Handbook 5021, that Mr. Jeffrey also provided as evidence in Exhibit E. In Exhibit E, page III-2, section 2(f) defines what a Professional Standards Board is. In Exhibit E, page III-2, section 3 is the definition and procedures of a Summary Review Board. Mr. Jeffrey Ray states that a Professional Standards Board (PSB) is a term for an SRB, which is contradicted in his own evidence in Exhibit E. Mr. Jeffrey Ray is attempting to deceive the Court into believing that the two terms are interchangeable when IN FACT the two terms have different meanings and are defined in VA Handbook 5021. While an SRB is conducted by the PSB, the two terms are not interchangeable, as Mr. Jeffrey Ray has stated to the Court.

On page 2, Mr. Jeffrey Ray states, "Following a hearing at which Roberts testified and provided written responses, the SRB issued the following recommendation". First,

the recommendations of the SRB have no meaning or merit to the accusations in this case, as the recommendations of the SRB were made after Mr. Roberts filed the case in Federal District Court. Second, according to the findings of the SRB (see exhibit 10, page BF-1 through BF-27), specifically BF-3 (listed as PF-3) and BF-4 state that the SRB did not review any written response from Mr. Ryan Roberts. The physical evidence contained within the Minutes from the SRB do not show or state that Board did IN FACT receive or review any written response from Mr. Ryan Roberts, as Mr. Jeffrey Ray has stated.

On page 3, Mr. Jeffrey Ray states that "On February 7, 2020, the Director issued a written decision, stating..." which appears to be reflected in Exhibit D. In Exhibit E, page III-5, section 3(f)(1)(a) "The completed board action and all related documents will be sent to the Chief of Staff (or Nurse Executive, as appropriate) for review." "The Chief of Staff (or Nurse Executive) will comment on the Board recommendations and send these comments, the Board Action, and related documents to the facility director." Mr. Jeffrey Ray states in his Motion that the Defendants and the Department of Veterans Affairs followed established procedures and protocols, yet has failed to show physical evidence that the actions required in section 3(f)(1)(a) were followed. Exhibit D, is void of any statements or attached physical evidence that shows clear and concise proof that the Defendants and/or the Department of Veterans Affairs followed their own procedures as well as the requirements under 5 C.F.R. Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b) in the termination procedures of Mr. Ryan Roberts, as Exhibit D is evidence that the Agency did not give

clear reasons for the determination to terminate Mr. Roberts (Major Adverse Actions, Title 18 U.S.C. §7462) and failed to provide Mr. Roberts with any physical evidence to support their decision to take major adverse action against Mr. Roberts.

Mr. Jeffrey Ray, also intentionally avoids the physical evidence of Exhibit 2 and Exhibit 3 that show clear evidence that the decision to terminate Mr. Ryan Roberts was made on October 22nd, 2019 and not on February 7th, 2020. Mr. Jeffrey Ray intentionally is misleading the Court, as the Defendants and Department of Veterans Affairs created a Memorandum for Record to capture the FACT that Mr. Ryan Roberts was an "already terminated employee" and that the decision to terminate was made on October 22nd, 2019.

On page 5, Mr. Jeffrey Ray states, "Such employees are subject to the broad remedial scheme Congress authorized by 38 U.S.C. §§7461-64 and thereafter promulgated by the VA in its VA HANDBOOK 5021". Title 38 U.S.C. §7462 is titled "Major adverse actions involving professional conduct or competence" and specifically covers topics of amount of time to respond to the Board (Title 38 U.S.C. §7462(b)(4)(a)), and that the employee is authorized a copy of all of the evidence (Title 38 U.S.C. §7462(b)(1)(a)). Mr. Jeffrey Ray has filed no paperwork to show that the Defendants and the Department of Veterans Affairs did IN FACT follow United States Code, contrary the physical evidence provided by Mr. Ryan Roberts does show physical evidence that the Defendants and the Department of Veterans Affairs did, IN FACT, violate Title 38 U.S.C. §7462 during both the October 22nd 2019 meeting with Mr. Ryan

Roberts, Dr. Robert Cummings, and Christian Dean and the notification and actions of the SRB that took place between January 24th, 2020 and February 3rd, 2020.

On Page 5, Mr. Jeffrey Ray states, "These were the procedures followed by the VA in terminating Roberts' VA employment" (referencing VA Handbook 5021, exhibit E). In exhibit E, page III-2 section 2(g) is states "Supervisors must assure by active measures that the work records of unsatisfactory employees or of those whose services are merely borderline are promptly referred to appropriate officials for action". In Mr. Ryan Roberts' case, his personnel record does not reflect any issues associated with his interactions with staff, and specifically the witness statements in the SRB do not match the Proficiency Evaluation (comparing Exhibit 5 with Exhibit 10), and the actions of the Defendants and the Department of Veterans Affairs do not match the requirement listed on this page, as the Defendants and the Department of Veterans Affairs only initiated action against Mr. Roberts after he filed multiple complaints on his supervisor.

Exhibit E, page III-2 section 2(h)(2) states, "Reviewing proposed probationary actions for conformance with Department and VHA policies and procedures". Mr. Jeffrey Ray fails to show that the Defendants and the Department of Veterans Affairs did in FACT follow the United States Code, Code of Federal Regulations, and VA Handbook 5021. The physical evidence in Dr. Robert Cummings Deposition (see exhibit 2), shows clearly that Dr. Cummings and Dr. Rajeeva Bashyakarla did not follow the policies and procedures set forth in VA Handbook 5021, contrary to what Mr. Jeffrey Ray is stating. As Mr. Ryan Roberts was informed he would be terminated on October

22nd, 2019, was subsequently and inappropriately detailed out of the Anesthesia department, and that the Defendants and the Department of Veterans Affairs created documents that show that the Defendants and the Department of Veterans Affairs violated Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b).

On page III-2, section 2(h)(5) "Ensuring that copies of permanent records relating to periodic and summary reviews are included in the Health Care Provider Credentialing and Privileging Records of personnel with clinical privileges." The Defendants, the Department of Veterans Affairs, and Mr. Jeffrey Ray have been unable to show that at any point in the process to terminate Mr. Ryan Roberts that any records were in Mr. Roberts' personnel file, substantiating any of the allegations against Mr. Roberts. When Mr. Jeffrey Ray states on page 5 of his Motion that "These were the procedures followed by the VA", Mr. Jeffrey Ray is aware that the procedures were in fact not followed, and intentionally made the decision to give false statements to the Court with the intent to deceive the Court.

On page III-3, section 3(d)(2), the Defendants and the Department of Veterans Affairs were in possession of the Memorandum for Record (see Exhibit 5 page 455-457) and the Witness Statements of the Fact Finding that the Defendants and the Department of Veterans Affairs withheld from Mr. Ryan Roberts, making it impossible for him to present the following facts at the SRB:

      I.      The decision to terminate Mr. Ryan Roberts was made on October 22nd, 2019

<u>II.</u>    The Fact that Mr. Ryan Roberts was not the confrontational and hostile individual in the Anesthesia Department

<u>III.</u>   The Fact that Dr. Rajeeva Bashyakarla was creating a hostile work environment.

<u>IV.</u>   The Fact that the SRB was not deciding whether or not to retain Mr. Ryan Roberts as an employee, as that decision had already been made and the facility director, Mr. Ricky Ament, had already communicated with Dr. William Patterson (VISN 15 Director) about Mr. Ryan Roberts referring to him as "an already terminated employee"

The Defendants and the Department of Veterans Affairs also withheld the witness statements from the Fact Finding and the Report from the Fact Finding from Mr. Ryan Roberts on October 22nd, 2019 when the Department of Veterans Affairs informed Mr. Ryan Roberts that he was going to be terminated (see Exhibit 2).

Page III-3, section3(e)(3) states, "the Board will use available records and information furnished by the employee". In Exhibit 10, page BF-3 (listed at Pf-3) and BF-4, the minutes fail to cite that Board ever looked at the records, evidence, and statement from Mr. Ryan Roberts that he gave to the Board. In Exhibit C, page 2, block 11, Christina Dean (aka Tina Dean) signed the document certifying that the Board adhered to all legal and technical requirements. Mr. Jeffrey Ray would be aware that in Exhibit E the Board is required to "use" records and information furnished by Mr. Ryan Roberts, and after reviewing the Minutes from the SRB (see exhibit 10), that the Defendants and the Department of Veterans Affairs did not follow all of the procedures and protocols as Mr. Jeffrey Ray has stated to the Court that the Defendants and the Department of Veterans Affairs had conducted, (see Motion, page 5, "These were the procedures followed by the VA").

On page III-4, section 3(e)(6) states, "the Chief, Human Resources, or designee, is available to advise the employee about probationary review policies and procedures". Mr. Jeffrey Ray, states that the Defendants and the Department of Veterans Affairs followed all policies and procedures. However, the Chief, or their designee, never informed Mr. Ryan Roberts of any policies or procedures. In FACT, on October 22nd, 2019, Christina Dean informed Mr. Ryan Roberts that he needed to "resign" or an investigation would be started to terminate him, and if he was terminated then he would lose his vacation and sick days. Which consequently is the same day that according to the Memorandum for Record that the Defendants and the Department of Veterans Affairs created, states that on October 22nd, 2019, Mr. Ryan Roberts was informed that he was being terminated.

On page III-5, Section 3(h)(1)(a) states "The Chief of Staff (or Nurse Executive) will comment on the Board recommendations and send these comments, the Board Action, and related documents to the facility Director.". Mr. Jeffrey Ray stated on page 5 of his Motion that "These were the procedures followed by the VA" when referencing Exhibit E. Mr. Jeffrey Ray, has failed to show where the Chief of Staff or the Nurse Executive sent their comments to the facility director after reviewing the Board's recommendation. There is no reference to following VA Handbook Section 3(h)(1)(a) in Exhibit D, nor has Mr. Jeffrey Ray provided any evidence that the Defendants or the Department of Veterans Affairs ever followed VA Handbook Section 3(h)(1)(a), yet Mr. Jeffrey Ray has intentionally chosen to inform the Court that the Defendants and the

Department of Veterans Affairs were "following the established procedures and protocols set out in federal law, federal regulations, and the VA HANDBOOK".

On page III-7, Section 5(a) states "employee will be retained in pay and active duty status in their current assignment.". Mr. Jeffrey Ray states in his Motion to the Court that the Defendants and the Department of Veterans Affairs were "following the established procedures and protocols set out in federal law, federal regulations, and the VA HANDBOOK". However, Mr. Ryan Roberts was not kept in his current assignment during the investigation and SRB process, and instead was detailed to Facilities Management and then to Logistics, thus showing clear and concise evidence that Mr. Jeffrey Ray was making false statements and deceiving the Court.

On page 7, Mr. Jeffrey Ray references the federal mandamus statute (Title 28 U.S.C. §1361). Currently, there is no grievance model or action that is available to employees of the Department of Veterans Affairs to immediately halt or interject during an SRB, a PSB, or a Disciplinary Review Board that has violated Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b). The reason that Mr. Ryan Roberts filed a complaint with the Federal District Court was that he had no other options available to him, as when Mr. Ryan Roberts informed the SRB that they were violating the above-mentioned statutes, the Chairperson of the Board Valerie McClaran stated "noted". Christina Dean, an attorney employed by the Department of Veterans Affairs, (see Exhibit 1) was present and signed Exhibit C, block 11, that the Board followed all legal and technical requirements, fully knowing that the

Board was in violation of multiple statutes and VA Handbook 5021.  Furthermore,

Exhibit B, was never signed for by Mr. Ryan Roberts, and the Defendants and the

Department of Veterans Affairs have never identified whose signature in on page 2 of

Exhibit B.  In Exhibit C, block 9, states "He signed for receipt of a letter of notification",

which Mr. Ryan Roberts has never signed for any receipt of a letter of notification.  Mr.

Jeffrey Ray is fully aware that the signature on Exhibit B does not match any of the

known signatures of Mr. Ryan Roberts, and has intentionally presented false evidence

to the Court with the intent to deceive the Court.


On page 10 of the Motion, Mr. Jeffrey Ray states in the footnote "Roberts'

argument presupposes – without evidence – that his termination was based on

professional conduct and competency".  The problem with this statement is that Mr.

Jeffrey Ray is utilizing information and statements that have been created after

February 4th 2020, in his rationalization.  According to Title 5 U.S.C. §7513, 5 C.F.R.

§752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b), the information

that was given to Mr. Ryan Roberts on October 22nd, 2019 and the information that was

given on January 24th, 2020 was ALL of the evidence that the Defendants and the

Department of Veterans Affairs had against Mr. Ryan Roberts at the time.  The FACT

that Mr. Ryan Roberts was unable to provide sufficient evidence to support his claim, is

directly related to the FACT that the Defendants and the Department of Veterans Affairs

did not have sufficient evidence to support their claim.  The FACT that Mr. Jeffrey Ray is

utilizing statements and documents created after February 4th 2020, does not negate

the FACT that the Defendants and the Department of Veterans Affairs was violating

multiple statutes before February 4th, 2020. IF the Defendants and the Department of Veterans Affairs had turned over ALL of the evidence and presented the Memorandum for Record, emails, and other evidence that was in their possession to Mr. Ryan Roberts, then Mr. Ryan Roberts would have been able to provide evidence on February 4th 2020 to support his claims. However, the FACT that the Defendants and the Department of Veterans Affairs violated multiple statutes led to the inability for Mr. Ryan Roberts to support his case with adequate facts, as of February 4th 2020.

Mr. Jeffrey Ray states on page 11 and 12 of his Motion, that Mr. Ryan Roberts has not sustained an injury. As of February 4th 2020, Mr. Ryan Roberts had not sustained an injury, but was informed of an impeding injury (as stated on October 22nd, 2019 that he would be terminated, see Memorandum for Record). However, for Mr. Jeffrey Ray to utilize documents that had been created after February 4th 2020 in his previous statements, but then deny the FACT that Mr. Ryan Roberts was stripped of his employment as a CRNA earning in excess of $200,000 annually (based of his earning in 2019), insurance, vacation and sick days, and suffered harm through inability to find gainful employment due to the termination. Mr. Jeffrey Ray's indiscriminate choice of choosing when to utilize statements and facts created after February 4th 2020 and when not to utilize statements and facts created after February 4th 2020, shows clear and concise evidence that Mr. Jeffrey Ray's character, ethics, and morals allow him to pick and choose which "facts" he wishes to present to the Court. Mr. Jeffrey Ray's lack of consistency on which "facts" are permissible to the Court show that Mr. Jeffrey Ray's "facts" and "narrative" lack credibility.

## III.  DISCUSSION OF THE MERITS OF THE MOTION TO DISMISS

Mr. Jeffrey Ray has falsely stated that Mr. Ryan Roberts has failed to show "harm" in the actions of the Defendants and the Department of Veterans Affairs.  On February 4th, 2020, there had been no "harm" conducted yet, just the threat to conduct "harm".  The harm is in the way of financial harm, as Mr. Ryan Roberts grossed in excess of $200,000 in 2019, and because the Defendants and the Department of Veterans Affairs violated their own policies in VA Handbook 5021, and specifically 5 C.F.R. §752.404 and Title 38 U.S.C. §7462, the Defendants caused Mr. Ryan Roberts harm through the loss of income and in inability to obtain a new job due to the false termination.

Mr. Ryan Roberts is not asking the Court to evaluate the "evidence" of the Defendants in their "decision to terminate", but rather to make a ruling on whether or not the Defendants and the Department of Veterans Affairs are required to follow Federal Code, Federal Statutes, and can overtly deny a federal employee the reasons for the

adverse action, access to evidence, and access to obtain affidavits from witnesses as the Defendants and the Department of Veterans Affairs did to Mr. Ryan Roberts.

Specifically, if the Court had taken immediate action on February 4th, 2020 and made an Order requiring the Defendants and Department of Veterans Affairs to stop the false and bias Summary Review Board, Ordered the Defendants and Department of Veterans Affairs to immediately reverse their actions, and at a minimum Ordered the Defendants and Department of Veterans Affairs to restart their investigation within the full definitions of 5 C.F.R. §752.404, Title 38 U.S.C. §7462, and VA Handbook 5021, Chapter 3 (since Mr. Jeffrey Ray falsely stated that it was followed) then Mr. Ryan Roberts would have been able to prove beyond a preponderance of evidence that the actions by the Defendants and the Department of Veterans Affairs were nothing short of retaliation for whistleblower action.

One of the main issues that arises in the Sydney Kaus cited that Mr. Ryan Roberts was denied Union Representation, violation of Weingarten Rights, due to his Detail and termination (see Memorandum for Record) as related to his professional conduct or competency. As such, this falls under Title 38 U.S.C. §7422, as such Mr. Ryan Roberts would not be afforded Union Representation. However, now that the "new reason" for termination is "behavior and conduct" the reasoning for why the Defendants and the Department of Veterans Affairs denied Mr. Ryan Roberts his right to representation is no longer valid.

The question now arises, if the Defendants and Department of Veterans Affairs can change the order of the words in Title 38 U.S.C. §7422 from "Professional Conduct or Competency" to "Professional Competency and Conduct" does the definition change? This is the main question involving whether or not the Defendants and the Department of Veterans Affairs violated Mr. Ryan Roberts rights to be represented and to defend himself before the decision to terminate (October 22nd, 2019) was made and approved.

## IV.    Conclusion

In short, Mr. Jeffrey Ray has made strong statements in his Motion to the Court that are directly contradicted by his own evidence that he has submitted, as well as the evidence that the Department of Veterans Affairs attorneys have given to Mr. Ryan Roberts since February 4th 2020. Mr. Jeffrey Ray has shown that he is not only willing, but HAS ALREADY intentionally made false statements to the Court and attempt to deceive the Court in matters related to this case.

Just because Mr. Ryan Roberts was paid until February 7th 2020, does not negate the FACT that the decision to terminate Mr. Ryan Roberts, and the FACT that Mr. Ryan Roberts was informed that he would be terminated, was made on October 22nd, 2019. Mr. Jeffrey Ray is intentionally deceiving the Court and misleading the Court through false statements and misrepresentation of the physical evidence, to have the Court believe that the Defendants and the Department of Veterans Affairs did not

violate Title 5 U.S.C. §7513, 5 C.F.R. §752.404(c)(1), 5 C.F.R. §752.404(d)(1), & Title 38 U.S.C. §7462(b).

Mr. Jeffrey Ray has not provided any affidavits or Sworn Statements under Penalty of Perjury to the Court for where he obtained the "evidence" from, nor has Mr. Jeffrey Ray been able to show that the statements made in the Motion are from anyone other than his own words. The physical evidence that has been provided by the Department of Veterans Affairs, and through depositions, is in direct conflict with the statements made by Mr. Jeffrey Ray showing that Mr. Jeffrey Ray has IN FACT made false statements with the intent to deceive, trick, and mislead the Court.

Mr. Ryan Roberts is not a legal expert, nor has he ever studied law. Mr. Ryan Roberts is a Certified Register Nurse Anesthetist, with his expertise and knowledge being directly related to Anesthesia and Pain Management. While Mr. Ryan Roberts is not versed in the practice of Law nor is he able to cite dozens of examples of Case Law to support his argument, Mr. Ryan Roberts does believe that bringing a case before a Federal Judge should be based on FACTS that can be proven through material evidence and statements made under Oath or Penalty of Perjury, and not through beliefs, fictitious stories, or falsified documents.

The physical evidence that Mr. Jeffrey Ray provided to the Court not only contradicts itself, but also is in direct conflict with the depositions made under oath and the physical evidence that the Department of Veterans Affairs has provided to Mr. Ryan

Roberts. The lack of credibility and constant confliction between the evidence that Mr. Jeffrey Ray has provided to the Court shows clear and concise evidence that Mr. Jeffrey Ray has extreme credibility issues and lacks the character to be transparent, honest, and truthful with the Court in his actions and statements to the Court in matters related to this case, Ryan Roberts v. Department of Veterans Affairs, Case Number 20-00076-CV-W-RK.

Due to issues associated with the statements that Mr. Jeffrey Ray has made to the Court in his motion titled, "MOTION OF THE VA TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM", Mr. Ryan Roberts respectfully requests the Court to relieve Mr. Jeffrey Ray of his position of representative for the Department of Veterans Affairs and the Defendants for matters related to deceiving the Court, misleading the Court, making false statements to the Court, and introducing evidence that the Department of Veterans Affairs knows to be false, as facts to the Court[1].

If the Court wishes to not remove Mr. Jeffrey Ray from the case and to immediately continue on with the case, based upon the facts, then Mr. Ryan Roberts requests that the Court continue to hear the case. As of February 4th, 2020, Mr. Ryan Roberts was unable to provide the Court with a substantial amount of evidence, as the

---

[1] American Bar Association, Model Rules of Professional Conduct, Rule 4.1:Truthfulness in Statements to Others, Shall not knowingly: (A) make a false statement of material fact or law to a third person; (B) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent fact by a client, unless disclosure is prohibited by Rule 1.6

Defendants and the Department of Veterans Affairs had not followed 5 C.F.R. §752.404 and Title 38 U.S.C. §7462 by turning over their evidence and allegations to Mr. Ryan Roberts. Mr. Ryan Roberts turned over everything that he had in his possession at the time to the Court. This should serve as PROOF that the Defendants and the Department of Veterans Affairs intentionally violated Federal Code, Federal Statutes, and VA Handbook 5021.

It is vital for the Court to hear and make a ruling on the Merits of the Case, to prevent further harm to other employees of the Department of Veterans Affairs, especially those employed within VISN 15 Heartland Network. As the same issues that Mr. Ryan Roberts is raising in this case, are being conducted against Dr. Brandon Bailey. The Court needs to immediately Order to move into Interrogatories and Discovery Phase, so that the Court can make a ruling that will have a direct impact on how the Defendants and the Department of Veterans Affairs make decisions on other employees at the Robert J Dole VAMC that are filing complaints related to Patient Safety, unethical and illegal practices, and insurance fraud (same issues that led to the actions against Mr. Ryan Roberts).

Respectfully,


Ryan Roberts, CRNA

## Certificate of Service

I, Ryan Roberts, provided a hard copy to the United States Post Office on September 15th, 2020 to be delivered by Certified Mail to the Clerk's Office at the Charles Evans Whittaker Courthouse at 400 East Ninth Street, Kansas City MO to be uploaded into PACER.

Respectfully,

Ryan Roberts, CRNA