IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RYAN ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-00076-CV-W-RK |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# REPLY SUGGESTIONS IN FURTHER SUPPORT OF THE MOTIONS TO DISMISS FILED BY THE VA AND BY THE SPECIFICALLY-NAMED EMPLOYEES

Pursuant to FED. R. CIV. P. 12(b)(1), (b)(6), the named defendants herein -- the Department of Veterans Affairs ("VA") and six specifically-named VA employees[1] – hereby submit their brief reply suggestions in further support of their previously-filed MOTION OF THE VA TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM (WITH SUPPORTING SUGGESTIONS INCORPORATED) [Doc. 37] and MOTION OF THE SPECIFICALLY-NAMED VA EMPLOYEES TO DISMISS [Doc. 38].

On September 17, 2020, *pro se* plaintiff Ryan Roberts filed his RESPONSE TO MOTION TO DISMISS FROM JEFFREY RAY[2] [Doc. 42]. As briefly set out herein, Roberts' RESPONSE utterly fails to rebut or negate the legal arguments set out in the pending dispositive motions and fails to establish any basis for the Court to exercise jurisdiction over any of the claims advanced by Roberts in his the COMPLAINT FOR EMPLOYMENT DISCRIMINATION [Doc. 1].

---

[1] Richard A. Stone, M.D., William P. Patterson, M.D., Rick A. Ament, Valerie McClaran, CRNA., Christina Dean, and Sandra Miller.

[2] Roberts' RESPONSE presumably addresses both pending motions to dismiss.

The legal foundation for the two motions to dismiss is straightforward. Roberts' claims against the VA are barred because Congress intentionally refused to provide judicial review of decisions by the VA to terminate probationary employees like Roberts. Moreover, as to the other claims against the VA arguably encompassed by the COMPLAINT, Roberts' claims are either moot or involve claims for which he lacks standing. With regard to specifically-named VA employees, the legal analysis is even simpler – the COMPLAINT literally failed to state a claim against such employees and, to the extent the COMPLAINT could be read as asserting such claims, the claims were against the employees were in their official capacities and, thus, merely redundant of the claims against the VA itself.

In responding to the motion, Roberts devotes more than half of his RESPONSE to "arguments" that he entitles "Discussion Related to the Credibility of Jeffrey Ray." Roberts' efforts to impugn the undersigned[3] are improper argument and are irrelevant to the <u>legal</u> arguments advanced by the defendants in support of the motions to dismiss. Even if the Court treats Roberts' attacks on counsel as an effort to dispute the facts supporting the motions to dismiss, Roberts' allegations fall short. Not one of his unsupported (and misguided) claims about supposed factual inaccuracies establishes standing, states a claim against the specifically-named employees, avoids mootness, or otherwise alters the fact that Congress has declined to provide judicial review when the VA terminates a probationary employee like Roberts.

With regard to his "Discussion of the Merits of the Motion to Dismiss," Roberts devotes a mere three pages of his RESPONSE and simply argues:

---

[3] The tactics being employed by Roberts in this Court are identical to the tactics employed by Roberts in his current case before the Merit Systems Protection Board [*Roberts v. Department of Veterans Affairs*, Docket # DE-1221-20-0280-W-1 (MSPB)] challenging his termination by the VA (based on alleged whistleblower protection). In his MSPB case, Roberts is likewise seeking the "suspension" of the VA agency attorneys, arguing that they have made false statements and certified false documents. *See* Exhibit 1 (attached hereto).

> [I]f the Court had taken immediate action on February 4th, 2020 and made an Order requiring the Defendants and Department of Veterans Affairs to stop the false and bias Summary Review Board, Ordered the Defendants and Department of Veterans Affairs to immediately reverse their actions, and at a minimum Ordered the Defendants and Department of Veterans Affairs to restart their investigation within the full definitions of 5 C.F.R. §752.404, Title 38 U.S.C. §7462, and VA Handbook 5021, Chapter 3 . . . <u>then Mr. Ryan Roberts would have been able to prove beyond a preponderance of evidence that the actions by the Defendants and the Department of Veterans Affairs were nothing short of retaliation for whistleblower action</u>.

Two issues are made clear by Roberts' distillation of his argument. First, the administrative proceedings[4] to terminate Roberts' probationary employment with the VA have concluded and, as previously briefed, his request for injunctive relief regarding those proceedings is moot. Second, the harm claimed by Roberts is nonexistent.[5] Roberts alleges that the process employed by the VA prevented him from establishing that his termination was retaliation for whistleblowing activities. Roberts certainly has a legal right to challenge his termination on that basis. But, in fact, he is <u>currently litigating</u> that claim administratively before the MSPB. Nothing done by the VA impeded Roberts' ability to assert such a claim.

The final argument made by Roberts is that – although the VA paid him until February 7, 2020 – the decision to terminate his probationary employment was actually made by the VA on October 22, 2019. Even if true, Roberts' contention is wholly immaterial and inconsequential to the legal arguments supporting a dismissal of this action.

---

[4] As established in the motions to dismiss, Roberts was hired by the VA as a "Title 38" probationary employee. Prior to the expiration of his probationary period, the VA – following the procedures and protocols set out in law, regulations, and the VA HANDBOOK – made the decision to terminate Roberts' employment. Under the law – unchallenged by Roberts – federal courts have found that the Congressional scheme creating "Title 38" employees intentionally excluded judicial review for such probationary employees terminated by the VA.

[5] Roberts, in his RESPONSE, at one point notes that he was harmed by losing his $200,000 annual salary with the VA. However, Roberts also concedes that he "is not asking the Court to evaluate the 'evidence' of the [VA] in their 'decision to terminate.'"

Roberts was terminated by the VA during his probationary employment with the VA. For better or for worse, Congress has determined that such termination decisions are not subject to judicial review. Moreover, Roberts has neither plead nor proven that his constitutional rights were violated by the VA's termination processes. To the extent that Roberts believes his termination was illegal whistleblowing retaliation, he is currently pursuing such a claim administratively. Finally, Roberts' claims against the specifically-named VA employees are redundant of the fatally flawed claims he asserts against the VA itself.

Roberts brought this lawsuit to stop the termination process being utilized by the VA. That process is complete and any relief sought by Roberts is moot. The Court must dismiss Roberts' COMPLAINT and enter judgment in favor of the defendants.

    Respectfully submitted,

    Timothy A. Garrison
    United States Attorney

By    */s/ Jeffrey P. Ray*

    Jeffrey P. Ray
    Deputy United States Attorney
    Missouri Bar No. 35632

    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Fifth Floor
    Kansas City, MO 64106
    (816) 426-3130
    FAX: (816) 426-3165
    E-MAIL: Jeffrey.Ray@usdoj.gov

    ATTORNEYS FOR DEFENDANTS
    DEPARTMENT OF VETERANS AFFAIRS, DR.
    RICHARD STONE, DR. WILLIAM
    PATTERSON, RICKY AMENT, VALERIE
    McCLARAN, CHRISTINA DEAN, and SANDRA
    MILLER