**Case Title :** RYAN W. ROBERTS v. DEPARTMENT OF VETERANS AFFAIRS

**Docket Number :** DE-1221-20-0280-W-1

**Pleading Title :** Appellant's Motion to Suspend VA Counsel

**Filer's Name :** Ryan W. Roberts

**Filer's Pleading Role :** Appellant

## Details about the supporting documentation

N/A

# Table of Contents

Pleading Interview .................................................................................................. 3

Uploaded Pleading Text Document ..................................................................... 4

Certificate of Service ............................................................................................ 46

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 2 of 46

1. Would you like to enter the text online or upload a file containing the pleading?

See attached pleading text document

_____

2. Does your pleading assert facts that you know from your personal knowledge?

Yes

_____

3. Do you declare, under penalty of perjury, that the facts stated in this pleading are true and correct?

Yes

_____

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 3 of 46

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**DENVER FIELD OFFICE**

RYAN W ROBERTS,          )
                Appellant,     )
                             )

v.                            )       Date: September 25th, 2020
                             )

THE DEPARTMENT OF VETERANS )
AFFAIRS,                    )
                             )
          Agency/Respondent,  )
_____)

## MOTION FOR SHEA TAULBEE AND KATHLEEN HUNTER TO BE SUSPENDED AS COUNSEL FOR THE "AGENCY" FOR INTENTIONALLY MAKING FALSE STATEMENTS AND CERTIFING FALSIFIED DOCUMENTS TO THE COURT, LACK OF CANDOR, AND VIOLATION OF MISSOURI COURT RULES, RULE 4

It has been pointed out to the PRO SE Appellant, that while acting in the capacity of counsel for the "Agency", attorneys Shea Taulbee and Kathleen Hunter appear to have misrepresented FACTS and submitted false statements, in an attempt to mislead the Court.

Shea Taulbee and Kathleen Hunter are required under Missouri Supreme Court Rules, Preamble and Rule 4, to ensure that only FACTS are presented to the Court, and according to Rule 4-4.1, have failed to notify the Court when the attorneys have known that their "clients" have intentionally made false statements or misrepresentations to the Court through depositions and in the Discovery phase.

The Appellant respectfully requests the Honorable Evan Roth to carefully look at the evidence that Shea Taulbee and Kathleen Hunter have provided as compared to the documents and answers turned over to the Appellant during the Discovery and Interrogatory phase and the

Pleading Number : 2020041080     Submission date : 2020-09-25 01:29:03     Confirmation Number: 325251347     page 4 of 46

depositions of the "clients" of the attorneys. The Appellant raises questions that Shea Taulbee and Kathleen Hunter may be in violation of 38 C.F.R. §14.629 and Missouri Supreme Court Rules, and as such that 38 C.F.R. §14.633, Missouri Supreme Court Rule 4-8.3, and Missouri Supreme Court Rule 4-8.4 should be upheld through the suspension of Shea Taulbee and Kathleen Hunter in the case of Ryan Roberts v. Department of Veterans Affairs. The Appellant also respectfully requests that notification be sent to the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court for review as to whether the Rules of Professional Conduct[1] apply to the Merit Systems Protection Board Court, which by definition, is a Tribunal.

In accordance with 38 C.F.R. §14.633 and Missouri Supreme Court Rule 4, the Honorable Evan Roth, as a lawyer, is required to inform the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court[2] of the issues that have risen from the actions from Shea Taulbee and Kathleen Hunter for misleading the Court, and certifying false statements with intent to deceive the Court. Shea Taulbee and Kathleen Hunter have shown through physical evidence and depositions of their "clients" that they not only lack the candor to fulfill their duties as attorneys for the Department of Veterans Affairs, but have made the decision to deceive the Court, understanding the implications of doing so[3].

The Appellant was made aware of alleged violations of 38 C.F.R. §14.629 and Missouri Supreme Court Rules on September 19th, 2020, and has met the requirement of 5 C.F.R.

---

[1] https://www.courts.mo.gov/page.jsp?id=707
[2] https://www.mochiefcounsel.org/index.htm
[3] 5 C.F.R. §1201.43

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 5 of 46

§1201.31 of notifying the Court within 15 days of becoming aware of the conflict arising from the actions of both Shea Taulbee and Kathleen Hunter.

## I.      DISCUSSION OF THE NEED TO ENFORCE THE RULES EQUALLY

It is necessary for the Court to enforce the rules of every professional during the interactions of this case. The Appellant is an expert in the practice of Anesthesia and as such is granted leniency in legal proceedings, however the standard of perjury and intentionally releasing false statements and evidence to the Court with the intent to mislead, deceive, or fraud the Court is a serious concern that must be addressed.

The Appellant is an Anesthesia Provider and as such has been expecting the Court, presided over by the Honorable Evan Roth, to enforce the standards associated with the Courts and lawyers to the Counsel that the Department of Veterans Affairs has retained through the Office of General Counsel, specifically Shea Taulbee and Kathleen Hunter. The Appellant has presented evidence, and made arguments related to the evidence supplied, that clearly show that Shea Taulbee and Kathleen Hunter have been intentionally misleading and deceiving the Court at all steps of the grievance process, starting with the filing by the Appellant to the Office of Special Counsel when Shea Taulbee gave false statements and evidence to the investigators.

The Appellant humbly requests the Honorable Evan Roth to uphold the standards stated in the Code of Federal Regulations, both within Title 5 and Title 38, regarding the actions of attorneys, as well as the rules set forth by the Missouri Supreme Court Rules. According to the

Pleading Number : 2020041080      Submission date : 2020-09-25 01:29:03      Confirmation Number: 325251347      page 6 of 46

Preamble to the Missouri Supreme Court Rules, "legal profession is mostly self-governing" and as such it is necessary for when another lawyer is made aware of actions that can question the integrity and character of another lawyer, it becomes necessary for all parties to report their actions for review to the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court.

## II.    DISCUSSION OF THE EVIDENCE AND FACTS RELATED TO WHEN THE DECISION TO TERMINATE THE APPELLANT WAS MADE VERSUS WHEN THE LETTER OF TERMINATION WAS SIGNED

Shea Taulbee and Kathleen Hunter are fully aware that the DECISION TO TERMINATE was made in October 2019, even though the termination letter was not signed until February 2020, as is proven through the depositions of Mr. Ricky Ament (Exhibit V) and Dr. Robert Cummings (Exhibit X), the Report of Contact (Exhibit I), and the transcripts where Patty Taylor confirms that staff was notified that Mr. Roberts, the Appellant, had been terminated (Exhibit M).

Shea Taulbee and Kathleen Hunter are also aware that Christina Dean is a VA employed attorney that reviewed the Memorandum for Record for accuracy and thoroughness and heavily edited (Exhibit E) pages 2 and 3 of the Memorandum for Record, clearly stating that the Appellant was informed of the decision to terminate his employment on October 22nd, 2019 and as of January 21st, 2020 was identified in the Memorandum for Record as "a terminated employee", proving through physical evidence and depositions that the decision to terminate the

Appellant was made before the SRB/PSB was even scheduled or initiated, and specifically that Shea Taulbee and Kathleen Hunter were aware of the FACTS that support the Appellant's timeline as FACTUAL.

According to the allegations filed by the Appellant to the Office of Special Counsel, in November 2019, the Department of Veterans Affairs informed the Appellant that he only had two options "resign or be terminated" by Christina Dean and Dr. Robert Cummings. The meeting is confirmed through the statement of the Appellant, the deposition of Dr. Robert Cummings (see Exhibit X), the Memorandum for Record created by Christina Dean (see Exhibit BD), and the email "inviting" the Appellant to the "meeting" with Dr. Robert Cummings that was sent on October 21st, 2019 for a meeting on October 22nd, 2019 (see Exhibit AT).

According to the deposition of Heather Brown (see Exhibit W) she never shared the results of the Fact Finding with anyone until it was finished on October 22nd, 2019. However, according to the deposition of Dr. Robert Cummings he had already "approved" the termination of the Appellant on October 21st, 2019 and was already emailing Christina Dean about the meeting as of October 21st, 2019 (see Exhibit BI). When this FACT is coupled with the Memorandum for Record in Exhibit I, and the email from Lisa Blackburn to Neil Simmons in Exhibit E states that Christina Dean (attorney, KS License #19771) edited pages two and three, which clearly state that the Appellant was notified that he "would be terminated" at the October 22nd, 2019 meeting and identified the Appellant as "a terminated employee" as of January 21st, 2020. **This date is well before when Shea Taulbee and Kathleen Hunter certify in their "FACTS" and "TIMELINE" that the decision to terminate the Appellant was made.**

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 8 of 46

According to the deposition of Mr. Ricky Ament, the purpose of the meeting in January that the Memorandum for Record was created during, was so that all of the individuals to "memorialize the discussion" during the meeting in case it was needed as evidence during litigation or a future appeal of the decision to show what was discussed and what the agreed upon facts were. This shows that the Department of Veterans Affairs was creating the Memorandum for Record as evidence to be utilized to show the TRUTH in any future litigation. As such, the statements within the Memorandum, that were reviewed by a licensed attorney, should be held to the highest standard of credibility that the DECISION TO TERMINATE the Appellant was made and approved of before the SRB/PSB was ever initiated, and that the narrative of Shea Taulbee and Kathleen Hunter is absolutely false.

Patty Taylor states that she was already informed that the Appellant was terminated before she found out that the Appellant was working in Logistics (see Exhibit M). The Appellant was assigned to Logistics in January 2020, and therefore the information that the Appellant was "terminated" was already being shared throughout the Robert J Dole VAMC before February 2020. The transcript from Exhibit M clearly shows that the decision to terminate had been made and the fact that the Appellant would be terminated was made before February 2020, proving that the narrative that Shea Taulbee and Kathleen Hunter are presenting and certifying to the Court is known to be false and fictitious and that Shea Taulbee and Kathleen Hunter have a contumacious attitude towards the rules of the Court and their own profession.

Therefore, it is the requirement of the Court to immediately suspend Shea Taulbee and Kathleen Hunter as representatives of the Department of Veterans Affairs in Ryan Roberts v. Department of Veterans Affairs, immediately notify the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court, and notify the Office of General Counsel at the Department of Veterans Affairs that Shea Taulbee and Kathleen Hunter have IN FACT made the conscious and intentional decision to mislead, deceive, and fraud the Court through their fictitious filings to the Court and have shown that they have a contumacious attitude towards following the rules that govern the practice of law both within the State of Missouri and the Code of Federal Regulations.

## III.    DISCUSSION OF SHEA TAULBEE & KATHLEEN HUNTER'S NARATIVE VERSUS DEPOSITIONS

Shea Taulbee and Kathleen Hunter have certified to the Court that the decision to terminate the Appellant was made upon the conclusion of the SRB/PSB in February 2020 and have utilized the Findings from the SRB/PSB (see Exhibit BF) and letter of termination (see Exhibit H) as evidence to support their statements as "facts".   However, Shea Taulbee and Kathleen Hunter fully know and understand that while they were representing Dr. Robert Cummings, during his deposition, that Dr. Robert Cummings clearly stated that the decision to terminate was already made as of October 22nd 2019 and that the purpose of the meeting on October 22nd 2019 was to inform the Appellant that he would be terminated.  This FACT is supported by the Memorandum for Record (see Exhibit I) which according to the deposition of

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 10 of 46

Mr. Ricky Ament (see Exhibit V) was created to be utilized as evidence if the decision of termination was appealed or led to future litigation.

According to the Memorandum for Record Christina Dean informed the Appellant of his "options" at the October 22nd, 2019 meeting which confirms the initial statements from the Appellant that he was told by Christina Dean to resign or an AIB will be conducted to terminate you. Exhibit AT also shows that "an individual" would be at the meeting on October 22nd 2019 with Dr. Robert Cummings to "to tell him this is his opportunity to consider his options", there were only three people at the October 22nd, 2019 meeting, Christina Dean, Dr. Robert Cummings, and Mr. Ryan Roberts (Appellant). According to the deposition of Dr. Robert Cummings, the decision to terminate was made simply based upon the recommendation of Dr. Rajeeeva Bashyakarla and the Summary Report of the Fact Finding conducted by Heather Brown, with no other evidence reviewed to support the adverse action of termination being approved and decided upon on October 22nd, 2019.

According to Shea Taulbee and Kathleen Hunter, the decision was not made until February 2020, which is completely refuted by the deposition of Dr. Robert Cummings. The FACT that the decision to terminate was made before February 2020 is supported in the Memorandum for Record, the emails from Lisa Blackburn (see Exhibit E), and the decision that VISN Leadership would be contacted about "a terminated employee" (referencing the Appellant).

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 11 of 46

Mr. Ricky Ament's deposition clearly shows that he was intentional and calculated in calling a meeting to address concerns presented to Leadership about infractions, patient safety, and hostile workplace within the Anesthesia Department through an email sent from the Appellant. During deposition Mr. Ricky Ament clearly states that he wanted the meeting to be memorialized through the creation of the Memorandum for Record. Within the Memorandum for Record it clearly states that the Appellant was informed of his pending termination at the October 22nd, 2019 meeting, showing clear evidence from the Senior Leadership at the Robert J Dole VAMC that the DECISION TO TERMINATE had been made before February 2020 and specifically that Shea Taulbee and Kathleen Hunter appear to have been misleading and deceiving the Court in their certified filings to the Court.

Therefore, it is the requirement of the Court to immediately suspend Shea Taulbee and Kathleen Hunter as representatives of the Department of Veterans Affairs in Ryan Roberts v. Department of Veterans Affairs, to immediately notify the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court, and to notify Office of General Counsel at the Department of Veterans Affairs that Shea Taulbee and Kathleen Hunter have IN FACT made the conscious and intentional decision to mislead, deceive, and fraud the Court through their fictitious filings to the Court and have shown that they have a contumacious attitude towards following the rules that govern the practice of law both within the State of Missouri and the Code of Federal Regulations.

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 12 of 46

**IV.** **DISCUSSION OF SHEA TAULBEE & KATHLEEN HUNTER'S NARATIVE VERSUS CHRISTINA DEAN'S EVIDENCE**

Exhibit E, page E-23, Lisa Blackburn states that "Tina" (common name that Christina Dean is known as) "has reviewed and I incorporated the changes she requested". This shows that Christina Dean reviewed and edited the Memorandum for Record (see Exhibit I, page I 5-7), as Christina Dean is a licensed attorney and the FACT that Shea Taulbee and Kathleen Hunter have not filed any grievance, that is currently known about, to either the Office of General Counsel or to the Kansas Bar for review of a lawyer creating fraudulent documents to be utilized as evidence shows that according to Shea Taulbee and Kathleen Hunter that the Memorandum for Record is a TRUTHFUL and FACTUAL document.

Exhibit AT is between Dr. Robert Cummings and unidentified individual (document was received through the Freedom of Information Act (FOIA) request and the blacked-out box is a result of Mr. Michael Richardson the FOIA Officer at the Robert J Dole VAMC) about a meeting on October 22nd, 2019 at Dr. Robert Cummings' Office. It should be noted that this is the same time and location of the meeting that the Appellant was in attendance at when he was informed that he needed to "resign" or "he would be terminated" which there were only three individuals in attendance Dr. Robert Cummings, Christina Dean, and the Appellant. In the email, the unidentified individual states "with him. I will be there. We will tell him this is his opportunity to consider his options. I have a detail memo for him.". The date, time, and actions match the statements from the Appellant and the deposition from Dr. Robert Cummings to identify the "unidentified" employee as Christina Dean. Christina Dean is the same individual

who edited the Memorandum for Record that clearly identifies that the Appellant was told "he would be terminated" at the October 22nd, 2019 meeting.

There is no physical ability that the decision to terminate the Appellant could have not been made until February 5th, 2020 when the Appellant was informed that "he would be terminated" on October 22nd, 2019. Shea Taulbee and Kathleen Hunter have been intentionally misleading and making fraudulent statements to the Court.

Therefore, it is the requirement of the Court to immediately suspend Shea Taulbee and Kathleen Hunter as representatives of the Department of Veterans Affairs in Ryan Roberts v. Department of Veterans Affairs, immediately notify the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court, and notify the Office of General Counsel at the Department of Veterans Affairs that Shea Taulbee and Kathleen Hunter have IN FACT made the conscious and intentional decision to mislead, deceive, and fraud the Court through their fictitious filings to the Court and have shown that they have a contumacious attitude towards following the rules that govern the practice of law both within the State of Missouri and the Code of Federal Regulations.

## V.    DISCUSSION OF SHEA TAULBEE & KATHLEEN HUNTER'S NARATIVE VERSUS MEMORANDUM FOR RECORD

Shea Taulbee and Kathleen Hunter have been certifying to the Court that the decision to terminate was made by leadership within the Department of Veterans Affairs only upon the

conclusion and recommendation from the SRB/PSB conducted on February 5th, 2020. Shea

Taulbee and Kathleen Hunter know this "fact" to be fictitious and misleading as they have

knowledge that their "clients" have already had a meeting and documented the FACT that the

DECISION TO TERMINATE was made before February 5th, 2020 (see Exhibit I). However,

Shea Taulbee and Kathleen Hunter have continued with this false narrative with the intent to

deceive and mislead the Court into believing just because the termination was not officially

signed by Mr. Ricky Ament until February 5th, 2020, that the decision could not have been made

before the October 22nd, 2019 meeting where the Appellant was informed that "he would be

terminated".

      According to the Missouri Supreme Court Rules, Rule 4-3.3(a)(3) "requires that the

lawyer refuse to offer evidence that the lawyer knows to be false, regardless of the client's

wishes."[4]. Because Shea Taulbee and Kathleen Hunter followed the Missouri Supreme Court

Rules, Rule 4 during the Discovery Phase, the evidence released by Shea Taulbee and Kathleen

Hunter can now be utilized to prove that they are currently misleading and deceiving the Court

by making false statements and certifying filings to the Court that they have knowledge are

fictitious.

      According to the Missouri Supreme Court Rules, Rule 4-3.3(a)(3) "if a lawyer, the

lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer

comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if

---

[4] Comments [5]

necessary, disclosure to the tribunal[5].".  At no time has Shea Taulbee and Kathleen Hunter made the Court aware that their "client" has made false statements under deposition or created false evidence, and therefore the depositions and evidence, the Memorandum for Record and supporting emails, are truthful and accurate accounts of what has happened within the Department of Veterans Affairs when arriving at the decision to terminate the Appellant.

According to Lisa Blackburn the minutes from the Memorandum for Record, that Mr. Ricky Ament wanted created incase the decision to terminate the Appellant was appealed or there was future litigation, was reviewed and edited by a VA employed attorney, Christina Dean. After the review and edit, from an attorney, the Memorandum for Record clearly stated that the meeting on October 22nd, 2019 was to inform the Appellant that "he would be terminated" and to explain to him his options.  This clearly shows that the Department of Veterans Affairs agrees that the DECISION TO TERMINATE was already agreed upon and decided on October 22nd, 2019 and that the narrative of Shea Taulbee and Kathleen Hunter is nothing short of an intentional act to mislead, deceive, and knowingly certify fraudulent statements to the Court.

Specifically, because Shea Taulbee and Kathleen Hunter have not identified who gave false statements under oath during depositions or who created false documents that have been shared during the Discovery Phase, that the decision to deceive the Court into the actual date that the DECISION TO TERMINATE was made as a conscious and voluntary decision by Shea Taulbee and Kathleen Hunter, showing that they (singularly and collectively) lack the integrity

---

[5] Rule 4-1.0 define Tribunal as "administrative agency or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a binding legal decision directly affecting a party's interests in a particular matter".

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 16 of 46

and character that is deemed necessary under 38 C.F.R. §14.629-631 to be an attorney

representing a case on behalf of the Department of Veterans Affairs, as 38 C.F.R. §14.633 makes

no difference between termination of representation for Department of Veterans Affairs

employed attorneys versus attorneys employed from outside the Department of Veterans Affairs.

       Therefore, it is the requirement of the Court to immediately suspend Shea Taulbee and

Kathleen Hunter as representatives of the Department of Veterans Affairs in Ryan Roberts v.

Department of Veterans Affairs, immediately notify the Office of Chief Disciplinary Counsel at

the Missouri State Supreme Court, and notify the Office of General Counsel at the Department of

Veterans Affairs that Shea Taulbee and Kathleen Hunter have IN FACT made the conscious and

intentional decision to mislead, deceive, and fraud the Court through their fictitious filings to the

Court and have shown that they have a contumacious attitude towards following the rules that

govern the practice of law both within the State of Missouri and the Code of Federal

Regulations.

## VI.     DISCUSSION OF SHEA TAULBEE & KATHLEEN HUNTER'S NARATIVE VERSUS MISSOURI SUPREME COURT RULES, RULE 4

       38 C.F.R. §14.632(d) "In addition to complying with standards of conduct for practice

before VA in paragraphs (a) through (c) of this section, an attorney shall not, in

providing representation to a claimant before VA, engage in behavior or activities prohibited by

the rules of professional conduct of any jurisdiction in which the attorney is licensed to practice

law.".  Which for Shea Taulbee and Kathleen Hunter is the State of Missouri.

Shea Taulbee and Kathleen Hunter have been actively and consciously violating the

Missouri Supreme Court Rules, Rule 4, throughout their actions representing the Department of

Veterans Affairs against the allegations raised by the Appellant, Mr. Ryan Roberts, starting with

the original filing to Office of Special Counsel in November 2019, where Shea Taulbee

responded on behalf of the Department of Veterans Affairs that the Decision to Terminate the

Appellant was not made until after the SRB/PSB concluded on February 5th, 2020.


Missouri Supreme Court Rules, Preamble: A Lawyer's Responsibilities, [5], "a lawyer

should use the law's procedures only for legitimate purposes and not to harass or intimidate

others.". Shea Taulbee and Kathleen Hunter released evidence from the case to leadership at the

Robert J Dole VAMC, which was then utilized to threaten and intimidate Dr. Brandon Bailey, to

include informing Dr. Bailey that he would be "terminated" for "administrative issues", while

tapping the "blue folder" that contained Exhibit M from the Appellant's file. It is at this time

that Shea Taulbee and Kathleen Hunter became aware that the strength of their case was

diminishing from the "help" that Dr. Bailey was "allegedly" giving to the Appellant and that they

took action to utilize the law's procedure to harass and intimidate the witnesses that was thought

to be detrimental to their narrative.


Shea Taulbee and Kathleen Hunter responded to the Court that they were "concerned"

that possibly an employee was violating policies and it needed to be investigated, specifically

that Dr. Brandon Bailey was detailed for "allegedly searching through a supervisor's area" and

"allegedly making covert recordings". According to a new Memorandum (see Appendix 2) from

the Department of Veterans Affairs, the investigation has been closed and no evidence was ever turned over to support the statements from Shea Taulbee or Kathleen Hunter about the "allegations". Showing that they intentionally and voluntarily created a false narrative to cover the FACT that they participated as Principals in Tampering with a Witness, Victim, or Informant.

Shea Taulbee and Kathleen Hunter failed to inform the Court that it was Patty Taylor that actually was conducting the search of Kelsi Thomas's area, an area that they share, and that it was known to the Department of Veterans Affairs that Patty Taylor was actually conducting the searching that Shea Taulbee and Kathleen Hunter intentionally and falsely alleged that Dr. Brandon Bailey conducted. Shea Taulbee and Kathleen Hunter also failed to inform the Court that the Department of Veterans Affairs was fully aware that Dr. Brandon Bailey has a hearing disability and it was known that he records non-clinical conversations after he was chastised by Dr. Rajeeva Bashyakarla for having a hearing disability and was told by Dr. Bashyakarla to "fix it" (hearing disability).

Specifically, Shea Taulbee and Kathleen Hunter utilized a known physical disability and a known action to "correct" the disability as ordered by management and intentionally mislead the Court, and committed fraud in their response to the Court, by stating that Dr. Brandon Bailey was "allegedly making covert recordings". The Department of Veterans Affairs, Leadership at the Robert J Dole VAMC, Dr. Brandon Bailey's supervisors, and peers all knew that he was using his smart phone in conjunction with his blue tooth hearing aids to "fix" his hearing disability, and Shea Taulbee and Kathleen Hunter were fully aware that they were acting as a

Principal to threaten and intimidate a friendly witness for the Appellant in their actions of releasing evidence to Dr. Julianna Cotton (Dr. Julianna Cotton is the Nurse Executive, and the CRNAs fall under the Chief of Staff or Medical Services of the Robert J Dole VAMC, therefore intentionally releasing information to Dr. Cotton was intentional as Dr. Cotton was not over Dr. Stephen Rhinehart or Dr. Brandon Bailey as Shea Taulbee and Kathleen Hunter have stated to the Court) (see Exhibit A, Medical Services did not release CRNAs to Nursing).

Shea Taulbee and Kathleen Hunter never refuted the allegations that Christina Dean, acting on behalf of the Leadership of the Department of Veterans Affairs, conducted the actions of Tampering of a Witness, Victim, or an Informant (Title 18 U.S.C. §1512) throughout the interrogation of Dr. Brandon Bailey and subsequent gag order, by stating that Dr. Bailey would be detailed "until you can be terminated" with no reason or evidence to support the decision for adverse action other than stating that it was the decision of Dr. Rajeeva Bashyakarla. Since Shea Taulbee and Kathleen Hunter never refuted the actions of Christina Dean, and never notified law enforcement as is required under Missouri Supreme Court Rules Rule 4-4.1(b) the lawyer is required to disclose criminal acts from their client that are a result of the lawyer's service, it shows that they are aware of and approve of the intimidation, threats, and harassment of Dr. Brandon Bailey that was conducted through their intentional actions to release evidence from the case to the improper individuals from within the Department of Veterans Affairs.

Missouri Supreme Court Rule, Preamble, [9], "These principals include the lawyer's obligation zealously to protect and pursue a client's legitimate interests, within the bounds of the law, while maintaining a professional, courteous, and civil attitude toward all persons involved in

the legal system". Shea Taulbee and Kathleen Hunter have failed to maintain a professional attitude and to operate within the bounds of the law by having express knowledge that the evidence that they released during the Discovery Phase refutes their narrative, and then to voluntarily and intentionally continue to mislead and deceive the Court stating that the DECISION TO TERMINATE was made after the SRB/PSB concluded simply based upon the fact that the termination letter (see Exhibit H) was not signed until February 5th, 2020.

Shea Taulbee and Kathleen Hunter are violating multiple sections of the Missouri Supreme Court Rules, Rule 4, by having the knowledge that their narrative is factually refuted through physical evidence and depositions of multiple individuals (that they were present during the depositions and offered counsel to Dr. Cummings during his deposition). This action shows that Shea Taulbee and Kathleen Hunter lack the required integrity and personal character to understand the difference between representing a client's wishes and intentionally making false, fictitious, and fraudulent claims to the Court, specifically showing that they both have a contumacious attitude towards the rules of the Court and the requirements necessary to be a licensed Practitioner of the Law.

Missouri Supreme Court Rule, Rule 4-1.1 requires that Shea Taulbee and Kathleen Hunter, as representatives, "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.". IF, Shea Taulbee and Kathleen Hunter were being thorough and preparing properly within the requirement, then they would both have the knowledge that the physical evidence refutes their statements that the decision to terminate the Appellant was made in February 2020 and that Dr. Brandon Bailey was

detailed for allegedly searching through a supervisor's area and allegedly making covert recordings were false and fictitious statements when they made them to the Court. Furthermore, if it came to their attention that those statements were less than factual then Missouri Supreme Court Rules, Rule 4-3.4 were required to inform the Court that they made false statements and correct the statements (similar to how the Appellant corrected to the Court the date of the birth of his son from July 2020 to July 2019). Since Shea Taulbee and Kathleen Hunter failed to correct their statements and certified response to the Court, it shows that they have the intent to continue to give false statements, deceive, and make fraudulent statements to the Court with no integrity to follow the Missouri Supreme Court Rules that govern how they practice law.

Missouri Supreme Court Rules, Rule 4-1.16 has been violated by Shea Taulbee and Kathleen Hunter, and was documented in the Motions to the Court to protect the witnesses in the case and the response from Shea Taulbee and Kathleen Hunter. The Appellant filed a Motion to protect the witnesses in the case from intimidation and threats, as Dr. Brandon Bailey had been told that he would be "terminated regardless" of the outcome of an investigation and SRB due to "administrative issues" as Christina Dean tapped her finger on the "blue folder" holding Exhibit M from the Appellant's evidence file. The threats and intimidation were brought to the attention of the Court and the Court gave Shea Taulbee and Kathleen Hunter a chance to respond. In the response from Shea Taulbee and Kathleen Hunter, they DID NOT refute the allegations that Christina Dean, a VA employed attorney acting on behalf of the Department of Veterans Affairs, participated in threatening and intimidating Dr. Brandon Bailey for "allegedly" helping the Appellant in his MSPB case against the Department of Veterans Affairs. Shea Taulbee and Kathleen Hunter only stated in their response that they themselves did not actually participate in

any threats or intimidation. Specifically, they acknowledged that they did IN FACT send the transcripts from Exhibit M to Dr. Julianna Cotton "for investigation".

According to Missouri Supreme Court Rules, Rule 4-1.16(b)(3), Shea Taulbee and Kathleen Hunter are required to suspend themselves from representation due to their "client" utilizing their services to perpetrate the crime of Title 18 U.S.C. §1512, by utilizing evidence from the MSPB Case Ryan Roberts v. Department of Veterans Affairs and knowingly sharing the evidence and their "client" (leadership at the Robert J Dole VAMC) utilizing said evidence to threaten and intimidate a witness (Dr. Brandon Bailey) with the intent for the witness to withhold their testimony or give fraudulent testimony. At the point that Shea Taulbee and Kathleen Hunter were made aware that their specific actions and specifically that their services were utilized to perpetrate a crime by their "client" they should have removed themselves from the case and reported the issue, instead of continuing their services to represent the Leadership at the Robert J Dole VAMC of the Department of Veterans Affairs.

The Fact that Shea Taulbee and Kathleen Hunter fail to see that they have been used as a Principal, Title 18 U.S.C. §2, and failed to report the action to the Court, the Office of Chief Disciplinary Counsel, and to law enforcement and then to remove themselves from the "client" and case show that both Shea Taulbee and Kathleen Hunter lack the ability to understand what is expected from a lawyer employed by the Federal Government and licensed through the State of Missouri and is clearly defined in the "Missouri Board of Law Examiners Character and Fitness Information".

Missouri Supreme Court Rules, Rule 4-1.2(f), "a lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent" was violated by Shea Taulbee and Kathleen Hunter through the certification of their statements and their filings to the Court specifically related to the DATE THE DECISION TO TERMINATE was and the WITNESS TAMPERING AND INTIMIDATION of Dr. Brandon Bailey conducted by their client. Shea Taulbee and Kathleen Hunter have intentionally committed fraud by being aware of the Memorandum for Record, depositions, transcripts in Exhibit M, emails from Lisa Blackburn, and that during the actual termination conducted by Matt Irick that the decision to terminate the Appellant was made well before February 5th 2020 and the decision to terminate had nothing to do with the recommendations of the SRB/PSB that occurred on February5th, 2020.

Shea Taulbee and Kathleen Hunter have also knowingly assisted in a violation of Title 18 U.S.C. §1512 through their intentional assistance in utilizing their legal services so that leadership within the Department of Veterans Affairs, specifically at the Robert J Dole VAMC, and conducted by Christina Dean (attorney) to threaten and intimidate Dr. Brandon Bailey for "allegedly" helping the Appellant in his case against the Department of Veterans Affairs. Shea Taulbee and Kathleen Hunter never refuted that their actions were directly related to the interrogation and subsequent threats, specifically informing Dr. Brandon Bailey that he would be "terminated regardless" of the outcomes of any investigations or an SRB.

Shea Taulbee and Kathleen Hunter have certified to the Court and presented evidence to support the false narrative that it is "normal" that when an employee is under investigation that

they are to be detailed out of their assigned work area, against VA Handbook 5021, Part 3, Section 5. However, Shea Taulbee and Kathleen Hunter knew this to be a false statement when they made the statement to the Court, as having full knowledge that Stephen Rhinehart and Patty Taylor were not detailed during the "same investigation" that Dr. Brandon Bailey was. Showing that Shea Taulbee and Kathleen Hunter knew they were making fraudulent statements to the Court and lack the personal character and integrity to act in the capacity of a lawyer in accordance with the Missouri Supreme Court Rules.

Referencing the "new" detail of Dr. Brandon Bailey from September 17th, 2020 (see Appendix 2) Dr. Bailey is to continue to be detailed away from the Anesthesia area and gagged from talking to employees from Anesthesia, Endoscopy, and Surgery as "Management investigates" concerns of a "toxic and hostile workplace". IF it is common to detail the subject of an investigation away, as Shea Taulbee and Kathleen Hunter have eluded to the Court as to why Dr. Brandon Bailey was initially detailed, then Dr. Brandon Bailey should be allowed back to the Anesthesia Department while those who have been alleged to have created a "toxic and hostile workplace" are investigated. The failure to do so, shows physical evidence that is supported by the "new" detail of Dr. Brandon Bailey that Shea Taulbee and Kathleen Hunter are making false and misleading statements to the Court about the first detail of Dr. Brandon Bailey.

Shea Taulbee and Kathleen Hunter have intentionally participated in making fraudulent statements to the Court, and Office of Special Counsel, by stating that a Certified Registered Nurse Anesthetist, CRNA, falls under the Nursing Service Branch at the Robert J Dole VAMC. Shea Taulbee and Kathleen Hunter know this statement to be false, as Exhibit A signed by Dr.

Robert Cummings, Chief of Staff, clearly states that other forms of nurses are to be moved from the Medical Service Branch to the Nursing Branch, but does not include CRNAs. Also, Shea Taulbee and Kathleen Hunter are aware that Dr. Robert Cummings signs the annual Proficiency Evaluation for the CRNAs, and that the Proficiency Evaluation that is signed by Dr. Robert Cummings is the Medical Evaluation and not the same evaluation that is utilized by the Nursing Branch at the Robert J Dole VAMC. As such, Shea Taulbee and Kathleen Hunter chose to completely ignore the physical evidence and the facts and instead made the conscious decision to make false statements and make fraudulent claims to the Court, showing that they lack the personal character and integrity required to be a lawyer by the Code of Federal Regulations and Missouri Supreme Court Rules.

Missouri Supreme Court Rules, Rule 4-1.6, clearly states that lawyers licensed by the State of Missouri can reveal information to comply with other laws, such as ensuring that their "client" does not participate in criminal actions related to the services being offered by the lawyer. Shea Taulbee and Kathleen Hunter never notified the VA Police Department, Federal Law Enforcement Officials, or other law enforcement that Leadership of the Department of Veterans Affairs at the Robert J Dole VAMC, specifically Christina Dean acting as representative of the Facility Director, was actively participating in retaliating against witnesses that were seen as friendly to the Appellant and Dr. Rajeeva Bashyakarla was making threats that "anyone who helps Ryan will be terminated"[6]. Instead of reporting these criminal actions as required under VA Directive 0730, VA Handbook 0730, and Missouri Supreme Court Rules Shea Taulbee and Kathleen Hunter utilized their position as lawyers to aid and abet by

---

[6] See Filing to OSC by Dr. Brandon Bailey

intentionally offering assistance by making false statements to the Court that they were not directly part of the tampering and intimidation while refusing to inform law enforcement of Christina Dean's actions. This shows that they had knowledge of and acted as Principals and Accessories, while attempting to mislead and deceive the Court into what actual occurred at the Robert J Dole VAMC towards employees that the Department of Veterans Affairs believed was "helping Ryan" (as quoted from Dr. Rajeeva Bashyakarla, referring to Mr. Ryan Robert (Appellant) as Ryan).

According to Missouri Supreme Court Rules, Rule 4-1.7, Shea Taulbee and Kathleen Hunter cannot act as representatives of the Department of Veterans Affairs and claim that the employees are also their "clients" as the assertation of the Department of Veterans Affairs is that the decision to terminate the Appellant was made on February 5th, 2020, while the deposition and physical evidence shows that the employees of the Department of Veterans Affairs had in fact made the decision to terminate the Appellant before February 2020 on October 22nd, 2019. This is a Conflict of Interest as is clearly defined in Rule 4-1.7(b)(3), as it will be a conflict of interest to state that the decision to terminate was made after the SRB/PSB recommendation and that the Memorandum for Record is truthful and factual. Therefore, it becomes impossible for Shea Taulbee and Kathleen Hunter to both continue the "narrative" of the Department of Veterans Affairs AND not admit that the employees of the Department of Veterans Affairs made false statements and falsified evidence.

Shea Taulbee and Kathleen Hunter are required under Missouri Supreme Court Rules, Rule 4-1.7 to immediately suspend themselves from representing the Department of Veterans

Affairs and the employees, and since they have failed to do so on their own accord it shows that they lack the character and personal integrity to uphold the duties required of them by the Missouri Supreme Court Rules and as such it now becomes necessary for the Honorable Evan Roth to immediately enforce the Missouri Supreme Court Rules and suspend both Shea Taulbee and Kathleen Hunter from representation in all matters related to Ryan Roberts v. Department of Veterans Affairs, as 5 C.F.R. §14.632 states that a requirement for an attorney to represent a case is that the lawyer follows the rules that govern their license to practice law, which in this case is the Missouri Supreme Court Rules.

Missouri Supreme Court Rules, Rule 4-3.3, "a lawyer shall not knowingly: make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer". Shea Taulbee and Kathleen Hunter, having done the required preparation (see Missouri Supreme Court Preamble) would have knowledge that the documents that were shared during the Discovery Phase and that were previously released by the Department of Veterans Affairs in a Freedom of Information Act (FOIA) to the Appellant were in direct conflict with the narrative that Shea Taulbee and Kathleen Hunter certified to the Court as "facts". At no point in time has Shea Taulbee and Kathleen Hunter attempted to correct their false statements, even when the Appellant has filed responses to the Court that clearly show that the physical evidence and depositions are in direct conflict with the "facts" that they have made to the Court. As such, it is evident through physical evidence and depositions that Shea Taulbee and Kathleen Hunter appear to be unable to follow the requirements under Missouri Supreme Court Rules, Rule 4-3.3(a)(1) due to their inability to correct their narrative or state that they gave false evidence to the Appellant. The physical evidence shows that Shea Taulbee and

Kathleen Hunter lack the ability to satisfy the requirements set forth within the Missouri

Supreme Court Rules to practice law.

Missouri Supreme Court Rules, Rule 4-3.3(a)(3), "If a lawyer, the lawyer's client, or a

witness called by the lawyer has offered material evidence and the lawyer comes to know of its

falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to

the tribunal.". Shea Taulbee and Kathleen Hunter CANNOT both argue that the Decision to

Terminate the Appellant was made in February 2020 and that the depositions of Dr. Robert

Cummings and Mr. Ricky Ament as well as the Memorandum for Record that was edited by

Christina Dean are all truthful and factual. Shea Taulbee and Kathleen Hunter CANNOT argue

that the decision to terminate the Appellant was made before and on February 5th, 2020. This

shows clear and concise physical evidence that Shea Taulbee and Kathleen Hunter are both

unable to represent the "Agency" and the "employees of the Agency" as well as have knowingly

violated Missouri Supreme Court Rules, Rule 4-3.3(a)(3) by failing to take reasonable remedial

measures to correct the statements or evidence.

Missouri Supreme Court Rules, Rule 4-3.3(b), "A lawyer who represents a client in an

adjudicative proceeding and who knows that a person intends to engage, is engaging, or has

engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable

remedial measures, including, if necessary, disclosure to the tribunal.". Shea Taulbee and

Kathleen Hunter have never refuted that Dr. Rajeeva Bashyakarla has threatened staff that if they

"help Ryan" that they "will be terminated" or that Christina Dean informed Dr. Brandon Bailey

that he would "be terminated" related to "administrative issues" while tapping her finger on the

"blue folder" that contained the Appellant's Exhibit M inside of it. Shea Taulbee and Kathleen Hunter have made statements to the Court that simply because they only shared Exhibit M with the leadership at the Robert J Dole VAMC that they did not participate directly in the witness threatening, intimidation, and harassment. However, Shea Taulbee and Kathleen Hunter failed to mention that they were aware of and had knowledge of the actions that were being taken by leadership at the Robert J Dole VAMC since Shea Taulbee had been representing the Department of Veterans Affairs to the Office of Special Counsel against the allegations that the Appellant filed in November 2019.

On July 10th, 2020, the Honorable Evan Roth, Shea Taulbee, Kathleen Hunter, Mr. Nathaniel McClure, and the Appellant were on the phone when the Appellant stated that he had just been informed that the witnesses Dr. Rajeeva Bashyakarla, Sydney Kaus, and Heather Brown were having a meeting about how Heather Brown answered her questions during deposition. At this time the Honorable Evan Roth stated that Mr. McClure and the Appellant were making *Outrageous Accusations*, however the FACT was that the meeting was taking place during the phone call with the above named individuals, and the statement that it was 'Counsel meeting with their clients' was a false statement that was made with the intent to deceive the Court as Shea Taulbee and Kathleen Hunter were on the phone and unable to be in two meetings at the same time. Shea Taulbee and Kathleen Hunter have yet to be forthcoming with the Court about the Facts related to the case. The FACTS show that Shea Taulbee and Kathleen Hunter will mislead and make fraudulent statements to the Court even about something as frivolous as who is in a meeting and the topic of a meeting when it is questioned by the Appellant in front of the Honorable Evan Roth.

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 30 of 46

Missouri Supreme Court Rules, Rule 4-3.3, if Shea Taulbee and Kathleen Hunter knew the evidence that was released during the Discovery Phase was false, they are required to take reasonable actions to correct the evidence. Shea Taulbee and Kathleen Hunter never took any steps to correct the evidence released during the Discovery Phase and/or depositions, showing that the evidence and statements are FACTS and that Shea Taulbee and Kathleen Hunter are intentionally deceiving and certifying fraudulent statements to the Court, fully understanding the consequences if held accountable.

Missouri Supreme Court Rules, Rule 4-3.4, "A lawyer shall not: unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value.". According to Exhibit E, Sandra Miller was tasked with conducting an investigation into a grievance filed by the Appellant to Neil Simmons alleging a Hostile Workplace (see Exhibit E) (see Exhibit BA, Shea Taulbee and Kathleen Hunter certify to the Court that the Appellant never filed a grievance, known fraudulent statement that was never corrected). In the emails, Sandra Miller clearly states that the Appellant did, IN FACT, file a DTR in March 2019 and that the Appellant, Dr. Rajeeva Bashyakarla, and Dr. Robert Cummings had a meeting in April to discuss the DTR. Specifically, Sandra Miller states that the DTR will not be made available to be shared, even with her while conducting a formal investigation. Shea Taulbee and Kathleen Hunter then certify to the Court that Diana Diaz conducted a "thorough search" and found no DTR related to the Appellant. Shea Taulbee and Kathleen Hunter are intentionally making fraudulent statements and deceiving the Court as the physical evidence already shows that in January 2020, Sandra Miller was able to find the

DTR and confirmed that the DTR does IN FACT exist, that the DTR will not be made to be shared, and that a meeting was held between Dr. Bashyakarla, Dr. Cummings, and the Appellant about the findings from the DTR.

Shea Taulbee and Kathleen Hunter defended the expected testimony of Diana Diaz as "proof" that the DTR does not exist, while completely negating the FACT that the DTR has already been confirmed in the evidence that Shea Taulbee and Kathleen Hunter released during the Discovery Phase.

Shea Taulbee and Kathleen Hunter had already obtained the evidence that was shown in Exhibit E and yet still chose to make a statement that the DTR cannot be located, even though in the emails from Sandra Miller to Neil Simmons (see Exhibit E) it was already proven that the DTR does exist and the Department of Veterans Affairs will not share the report, as was proven in the document release during the Discovery Phase. Shea Taulbee and Kathleen Hunter appear to lack the integrity to fulfill the requirements set forth in the Missouri Supreme Court Rules, Rule 4-3.4, and when it is shown through clear and concise evidence that they have made false statements they refuse to make corrections as required in the Missouri Supreme Court Rules, Rule 4-3.3.

Shea Taulbee and Kathleen Hunter appear to have violated Missouri Supreme Court Rules, Rule 4-3.4(d) by having knowledge that the DTR exists (see Exhibit E) that was released during the Discovery Phase, and then failed to release the actual DTR and instead decided to deceive and make claims to the Court that the DTR does not exist and cannot be located. Even

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 32 of 46

through Shea Taulbee and Kathleen Hunter released emails from Sandra Miller that confirm that the DTR does IN FACT EXIST (and may have been reclassified as a JPSR) and that the Department of Veterans Affairs refuses to share the report.

Missouri Supreme Court Rules, Rule 4-4.1(b), "In the course of representing a client a lawyer shall not knowingly: fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal of fraudulent act by a client". The physical evidence and the failure of Shea Taulbee and Kathleen Hunter to refute the allegations of Christina Dean's interaction with Dr. Brandon Bailey show that Shea Taulbee and Kathleen Hunter have been assisting and participating in both actions (assisting through legal services to tamper with witnesses) and making statements that are easily refuted by physical evidence that they, themselves, released during the Discovery Phase, depositions that Shea Taulbee and Kathleen Hunter were present for, and documents released by the Department of Veterans Affairs through the FOIA process. As such, Shea Taulbee and Kathleen Hunter are aware that they are violating Missouri Supreme Court Rules, Rule 4-4.1, and are aware of the potential consequences associated with participating in criminal actions as well as providing fraudulent statements with no attempt to make corrections, Missouri Supreme Court Rules, Rule 4-3.3.

Missouri Supreme Court Rules, Rule 4-4.1(b), Shea Taulbee and Kathleen Hunter certified a response to the Court that the detail of Dr. Brandon Bailey was "normal" and was due to "allegedly searching through a supervisor's area" and "alleged covert recordings". Shea Taulbee and Kathleen Hunter knew this to be a fraudulent statement to the Court, as Leadership at the Robert J Dole VAMC never disclosed to Dr. Brandon Bailey why he was being informed

that he "would be terminated" due to "administrative issues" while Christina Dean tapped her finger on the "blue folder" that contained the Appellant's Exhibit M within it. According to Title 38 U.S.C. §7462, 5 C.F.R. §752.404, and VA Handbook 5021 the Department of Veterans Affairs is required to notify the exact allegations and to handover all supporting evidence when making a decision to take adverse action (see Appendix 3, VA Directive 5021/26(c)). Given that Christina Dean, a VA employed attorney, failed to inform Dr. Brandon Bailey that the adverse action was due to "alleged searching through a supervisor's area" and "alleged covert recordings" and failed to turn over any evidence that would support the false narrative given by Shea Taulbee and Kathleen Hunter, shows clear and concise evidence that Shea Taulbee and Kathleen Hunter were intentionally making fraudulent and misleading statements to the Court after certifying them as factual.

Missouri Supreme Court Rules, Rule 4-5.1: Responsibilities of Partners, Managers, and Supervisory Lawyers, "giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct" shows that the leadership within the Office of General Counsel are unable to manage and ensure that Shea Taulbee and Kathleen Hunter are following the Missouri Supreme Court Rules. Shea Taulbee and Kathleen Hunter are unable to be controlled and have shown that even when they are aware of the actions of the other, they are unable collectively or individually to follow the the Missouri Supreme Court Rules and hold each other accountable, violation of Missouri Supreme Court Rules, Rule 4-8.3(a). Given that the leadership with the Office of General Counsel is unable to ensure that Shea Taulbee and Kathleen Hunter are able to follow 5 C.F.R. §14.632 and the Missouri Supreme Court Rules shows that Michael Anfang, Deputy Chief Counsel at the Office of General Counsel 1200 S

Walnut, Kansas City KS, is unable to control and ensure that the lawyers under his supervision are following all guidelines and rules associated with the practice of law. Michael Anfang is also licensed under the Missouri Bar, Bar #49443, therefore Michael Anfang is also held to Rule 4-5.1 to ensure that Shea Taulbee and Kathleen Hunter are following the Missouri Supreme Court Rules and is also aware of the requirements under Missouri Supreme Court Rules as he is licensed through the Missouri Bar also. This FACT shows that the issue of misleading the Court, deceiving the Court, and certifying fraudulent statements to the Court is not just limited to Shea Taulbee and Kathleen Hunter but is an organizational issue within the Office of General Counsel at the Kansas City Kansas office.

Missouri Supreme Court Rules, Rule 4-8.4: Misconduct. Shea Taulbee and Kathleen Hunter have violated six out of seven elements of this rule throughout their actions in the MSPB case of Ryan Roberts v. Department of Veterans Affairs:

(a) violate or attempt to violate the Rules of Professional Conduct, through making fraudulent certifications to the Court, misleading the Court on the date that leadership made the decision to terminate the Appellant (see Exhibit E, I, M, V, X), and deceiving the Court on why Dr. Brandon Bailey was detailed and told he "would be terminated".

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other aspects, participating as a Principal in Tampering with a Witness, Victim, or an Informant by utilizing their legal services to Leadership at the Robert J Dole VAMC to intimidate and threaten witnesses that are believed to be "helping Ryan".

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 35 of 46

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, Shea

Taulbee and Kathleen Hunter have intentionally deceived the Court about the DTR

that has already been proven to exist during the emails from Sandra Miller after she

conducted her investigation, through stating that Diana Diaz cannot find the DTR,

misrepresenting the FACT that the decision to terminate the Appellant was made

before February 2020 (see Exhibit I, M, X), inability to be honest and truthful with

the Honorable Evan Roth related to actions that the Leadership of the Department of

Veterans Affairs at the Robert J Dole VAMC took against Dr. Brandon Bailey when

Leadership believed that Dr. Bailey was "helping Ryan".

(d) engage in conduct that is prejudicial to the administration of justice, by failing to

protect the client, the Department of Veterans Affairs, and instead focusing on

protecting the employees of the Department of Veterans Affairs by participating in

fraudulent and criminal activities and then choosing to cover their accusations by

making false statements to the Court with the intent to mislead the Honorable Evan

Roth.

(e) state or imply an ability to influence improperly a government agency or official or to

achieve results by means that violate the Rules of Professional Conduct or other law,

by handing over evidence to the Leadership of the Department of Veterans Affairs at

the Robert J Dole VAMC having full knowledge that the Leadership utilized the

evidence to conduct illegal actions against an employee who the Leadership believed

was "helping Ryan" after Dr. Rajeeva Bashyakarla had already stated that he would

"terminate anyone who helps Ryan".  Through the actions, Christina Dean, attorney,

stated on behalf of Shea Taulbee and Kathleen Hunter's client that Dr. Brandon

Bailey would be "terminated" for "administrative issues" as she tapped her finger on the "blue folder" that contained evidence from Ryan Roberts v. Department of Veterans Affairs that Shea Taulbee and Kathleen Hunter gave to the Leadership at the Robert J Dole VAMC so that they "could do an investigation" into "alleged misconduct" having full knowledge that Dr. Brandon Bailey had not violated any policies, procedures, or laws and was only "guilty" of "helping Ryan".

(g) manifest by words or conduct, in representing a client, bias or prejudice, or engage in harassment, including but not limited to…. disability". Shea Taulbee and Kathleen Hunter targeted the FACT that Dr. Brandon Bailey has a known physical disability related to his hearing in their false allegations and subsequent harassment and intimidation against Dr. Brandon Bailey for "allegedly making covert recordings" knowing that Dr. Bailey utilizes his smart phone to pipe conversations from his smart phone to this blue tooth hearing aids after Dr. Bashyakarla chastised Dr. Bailey for having a disability and told Dr. Bailey to "fix it". Shea Taulbee and Kathleen Hunter through proper preparation and a diligence of their duty as stated in the Preamble of the Missouri Supreme Court Rules would have knowledge that Dr. Bailey had a physical disability and still chose to intimidate, harass, and threaten Dr. Bailey with "termination" for "helping Ryan". Shea Taulbee and Kathleen Hunter have responded to the Court that they did IN FACT give the evidence to Leadership at the Robert J Dole VAMC, but believe that because they were not physically at the Robert J Dole VAMC when Dr. Brandon Bailey was harassed, threatened, intimidated, and told he would be "terminated regardless" of the outcome of any investigations or SRB

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 37 of 46

that they are not able to be held accountable for the actions that were instigated and initiated with their intentional and premeditated decisions.

Missouri Supreme Court Rules, Rule 4-8.3, "A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the appropriate professional authority.". It is not a question if Shea Taulbee or Kathleen Hunter have misled the Court, deceived the Court, or certified fraudulent statements to the Court. It is a question of culpability, if they are indeed violating multiple rules and Code of Federal Regulations. The pro se Appellant requests the Honorable Roth to notify the Office of Chief Disciplinary Counsel at the Missouri State Supreme Court. It does not state in the Missouri Supreme Court Rules that only if you are licensed in the State of Missouri you are required to notify the appropriate professional authorities, it states that "A lawyer".

This requirement for the Honorable Evan Roth to notify the Office of Chief Disciplinary Counsel is something that cannot be overlooked as the physical evidence and depositions clearly show multiple occasions that Shea Taulbee and Kathleen Hunter violated the Missouri Supreme Court Rules and require the Chief of Disciplinary Counsel to take a serious look at whether Michael Anfang is allowing these violations to happen or if Shea Taulbee and Kathleen Hunter are acting on their own behalf outside of the Scope of their positions and are personally accountable for their actions.

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 38 of 46

## VII.    DISCUSSION OF SHEA TAULBEE & KATHLEEN HUNTER'S NARATIVE VERSUS THE FACTS OF THE DUTY TO REPORT

Shea Taulbee and Kathleen Hunter have presented a stack of "Memorandums" for detail to the Court as "evidence" that it is normal practice to detail an employee away from their assigned area as an investigation is conducted, if they are the subject of the investigation.  It should be noted, that this practice is in violation of VA Handbook 5021, Part III, Section 5 IF that employee is then subjected to an SRB (as happened to the Appellant and was told would happen to Dr. Brandon Bailey).  However, the "new" Memorandum for detail signed on September 17th, 2020 is completely different than the details that Shea Taulbee and Kathleen Hunter presented as evidence.  VA Handbook 5021 and VA Directive 5021 have not been updated within the last 60 days, and Robert J Dole VAMC HR-06 has not been updated within the last 60 days, and therefore there is no reason why the layout, information, and signee has changed from the examples of "normal" details that Shea Taulbee and Kathleen Hunter presented to the Court verse what Dr. Brandon Bailey received on September 17th, 2020.

The Memorandum for detail that Sydney Kaus signed fails to state the specific allegations and contain the evidence to support the allegations as required in VA Directive 5021/26, however the "new" Memorandum for detail does vaguely state in bullet #4 state a "reason" for the detail, by stating that management is investigating allegations of a "toxic and hostile workplace".  None of the "normal" Memorandums that Shea Taulbee and Kathleen Hunter presented contain similar language.

The "new" Memorandum for detail is not signed by the Chief of HR or a Service Line Chief (i.e. Chief of Staff, Nurse Executive, Medical Facility Director, etc.) as the "normal" Memorandums of detail are signed, and as is stated in HR-06.

Shea Taulbee and Kathleen Hunter knew that they were presenting fraudulent evidence to the Court when they submitted the stack of Memorandums as "evidence" that it is "normal" to detail an employee during an investigation. Not only were the details that Shea Taulbee and Kathleen Hunter presented to the Court different than the latest one, but they lack the detail required under VA Directive 5021/26. Shea Taulbee and Kathleen Hunter knew that the Memorandums were false, fraudulent, and still made the conscious decision to mislead the Court by presenting the Memorandums as "evidence", showing that Shea Taulbee and Kathleen Hunter lack the personal character and integrity to only produce facts to the Court and that they will intentionally mislead the Court when an opportunity to do presents itself.

## VIII.   CONCLUSION

The Appellant respectfully requests that the Court, Honorable Evan Roth, immediately suspend Shea Taulbee and Kathleen Hunter from representation for violations of 5 C.F.R. §14.629-632, Missouri Supreme Court Rules, Rule 4, and making fraudulent claims to the Court with the intent to mislead.

Following 5 C.F.R. §1201.43 it is the power and right of a MSPB Judge to remove or exclude a representative for contumacious conduct or conduct prejudicial to the administration of justice. As described above, there is more than a preponderance of evidence to support that on

the most basic and simple of facts (date that the decision to terminate was made, actions taken by the Department of Veterans Affairs towards Dr. Brandon Bailey, and legitimacy of Memorandum for detail) that individually and collectively Shea Taulbee and Kathleen Hunter are unable to ensure that their statements and filings to the Court are truthful, honest, and factual. As such, the Appellant immediately requests that the Honorable Evan Roth exclude Shea Taulbee and Kathleen Hunter from the case of Ryan Roberts v. Department of Veterans Affairs, suspend their ability to represent cases before MSPB until a formal disciplinary investigation can be completed, and notify both the Office of General Counsel and the Office of the Chief Disciplinary Counsel of the Missouri Supreme Court of the alleged actions of Shea Taulbee and Kathleen Hunter.

To be clear, the pro se Appellant is not attempting to question or impeach any witnesses or evidence at this point in time, but rather the bring attention to serious matters and to directly question the character and integrity of Shea Taulbee and Kathleen Hunter given that the evidence that they have turned over and the depositions of the "clients" that they represent do not match the narrative that they have provided and certified to the Court as "fact". Before the Appellant is able to make an educated argument based upon the credibility of the witnesses and evidence, it is first vital to determine whether or not Shea Taulbee and/or Kathleen Hunter have IN FACT been truthful and honest with the Court.

Respectfully submitted this 25th day of September, 2020.

Ryan Roberts, CRNA

Pleading Number : 2020041080          Submission date : 2020-09-25 01:29:03          Confirmation Number: 325251347          page 42 of 46

Appendix 1

Missouri Supreme Court Rules, Rule 4

Appendix 2

Memorandum for Detail, September 17th, 2020

Appendix 3

VA Directive 5021/26

Pleading Number : 2020041080        Submission date : 2020-09-25 01:29:03        Confirmation Number: 325251347        page 45 of 46

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and all of the Parties.

Following is the list of the Parties in the case:

| Name & Address | Documents | Method of Service |
|---|---|---|
| MSPB: Denver Field Office | Appellant's Motion to Suspend VA Counsel | e-Appeal / e-Mail |
| Nathaniel McClure<br>Appellant Representative | Appellant's Motion to Suspend VA Counsel | e-Appeal / e-Mail |
| Shea Taulbee, Esq.<br>Agency Representative | Appellant's Motion to Suspend VA Counsel | e-Appeal / e-Mail |
| Kathleen M. Hunter<br>Agency Representative | Appellant's Motion to Suspend VA Counsel | e-Appeal / e-Mail |