IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN W ROBERTS, | ) |
|                       Plaintiff, | ) |
| v. | ) Case No. 4:20-00076-CV-RK |
| THE DEPARTMENT OF VETERANS AFFAIRS, VETERANS HEALTH ADMINISTRATION; DR. RICHARD STONE, EXECUTIVE IN CHARGE VHA; DR WILLIAM PATTERSON, VISN 15 DIRECTOR; RICKY AMENT, ROBERT J DOLE VAMC FACILITY DIRECTOR; VALERIE MCCLARAN, PSB CHAIRPERSON, CRNA; CHRISTINA DEAN, EMPLOYEE RELATIONS/LABOR RELATIONS; AND SANDRA MILLER, EMPLOYEE RELATIONS/LABOR RELATIONS; | ) |
|                       Defendants. | ) |

**ORDER GRANTING THE MOTION TO DISMISS**

Before the Court is Defendant Veterans Affairs' ("VA") motion to dismiss for lack of subject matter jurisdiction (Doc. 37) and a motion to dismiss the individually named Defendants (Doc. 38). The motion is fully briefed. (Docs. 37, 38, 42, 44.) After careful consideration, and for the reasons set forth below, the motions are **GRANTED** and the case is **DISMISSED**.

**Background**[1]

Plaintiff Ryan Roberts ("Roberts") bring this suit against the VA, Dr. Richard Stone, Dr. William Patterson, Ricky Ament, Valerie McClaran, Christina Dean, and Sandra Miller. Roberts seeks various remedy for his allegedly wrongful termination from the VA as a nurse anesthetist.

Roberts was hired by the VA on March 12, 2018, as a Nurse Anesthetist at the Robert J. Dole VA Medical Center in Wichita, Kansas. (Doc. 1-1, p. 27); (Doc. 37-1.) Roberts was hired

---

[1] Inasmuch as the VA is pursuing a factual attack of the subject matter jurisdictional basis for Roberts' Complaint under Fed. R. Civ. P. 12(b)(1), the Court may properly receive and consider extrinsic evidence. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914-15 (8th Cir. 2015).

by the VA pursuant to the special Congressional authority set out in 38 U.S.C. § 7401 and was explicitly hired subject to:

> (1) completion of a two-year probationary period commencing on March 12, 2018, and
>
> (2) favorable adjudication of a background investigation.

(Doc. 37-1.) On January 24, 2020 – prior to the conclusion of Roberts' two-year probationary period – the VA informed Roberts that a Professional Standards Board, also referred to as a summary review board ("SRB"), was being convened "to conduct a summary review of [Roberts'] employment during [the] probationary period and make recommendations concerning [Roberts'] retention or separation from the [VA]." (Doc. 1-1, at 7); (Doc. 37-2.) As noted by the SRB, Roberts was alleged to have been deficient in his job performance and conduct through his "inability to maintain a cordial working with interactions with [VA] staff" and for his "continual[ly] disruptive behavior." (Doc. 37-2.)

Following a hearing at which Roberts testified and provided written responses, the SRB issued the following recommendation:

> Based on the evidence presented in the evidence file, the Professional Standards Board does not recommend retention of Mr. Roberts as a CRNA. Management provided evidence of Mr. Roberts' professional conduct that was not conducive to an effective working environment in Anesthesia.

(Doc. 37-3.) The SRB recommendation was forwarded to the then-Director at the Robert J. Dole VA Medical Center. On February 7, 2020, the Director issued a written decision, stating: "As a result of this summary review, the [SRB] recommended, and I concur, that you be separated during your probationary period. The effective date of your separation will be February 10, 2020." (Doc. 37-4.)

Roberts was informed there were two limited avenues in which he could challenge the termination decision – a complaint with the Merit Service Protection Board ("MSPB") if Roberts believed he was illegally terminated for protected whistleblowing activities, and/or a complaint to the EEOC if Roberts believed his termination was based on race, color, religion, sex, national origin, age or handicap.[2]

---

[2] Following his termination, Roberts filed a complaint with the MSPB. In that proceeding, the lone issue was whether the VA terminated Roberts as a result of any alleged exercise of protected First Amendment speech.

Roberts filed his Complaint with this Court on February 4, 2020, prior to his formal termination by the VA. It appears he is seeking to challenge the decision by the VA to convene the SRB; conduct a summary probationary review of Robert's employment with the VA; and terminate him. Roberts specifically alleges the procedures and processes utilized by VA with regard to the SRB violated 5 U.S.C. § 7513, 38 U.S.C. § 7422, 38 U.S.C. §7462, and 5 C.F.R. § 752.404. (Doc. 1.) In his Complaint, Roberts seeks the following relief:

(1) ordering an injunction to cease all retaliation against Roberts, specifically to include the SRB process, and make Roberts a full-time employee;

(2) ordering the VA that it must follow certain procedures and statutes in all cases against all VA Employees;

(3) ordering the VA to provide "a clear definition of 'Professional Conduct and Competency' for [the VA] to utilize across all Veterans Affairs Medical Facilities when conducting all recommendations or reviews for disciplinary actions," and

(4) ordering the VA to initiate and complete a full, thorough, professional, and unbiased OIG investigation of all cases in which the Robert J Dole VA Medical Center initiated, or executed, disciplinary action against employees of the VA.

Defendant argues Roberts' complaint must be dismissed because (1) the first claim for injunctive relief is now moot, (2) the claim for restoration of employment[3] is foreclosed from judicial review, and (3) Roberts lacks standing for the remaining claims.

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018). In deciding a Rule 12(b)(1) motion, a district court is required to distinguish between a facial attack and a factual attack. *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a factual attack, the Court "may look outside the pleadings to affidavits or other documents." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). This

---

[3] In his proposed amended Complaint, Roberts seeks monetary damages. As explained below, this claim of relief would also be foreclosed from judicial review.

3

does not convert the Rule 12(b)(1) motion into one for summary judgment, however. *Id.* (citation omitted). Instead, the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Id.* "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). "[No presumption of] truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Titus*, 4 F.3d at 593 n.1. Further, Plaintiff bears the burden of proving jurisdiction exists. *Id.*; *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citation omitted). Finally, "[i]t is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

      The Defendants also move to dismiss under Rule 12(b)(6). Federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

4

## Discussion

### I. Roberts' Claim of Relief Seeking the Cessation of the SRB Process is Moot

Roberts first seeks an injunction to cease the SRB process.[4] "Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving 'a case or controversy.'" *Flittie v. Erickson*, 724 F.2d 80, 81 (8th Cir. 1983). "A federal court must determine that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality' to warrant granting relief." *Id.* (quoting *Backus v. Baptist Medical Center*, 671 F.2d 1100, 1102 (8th Cir.1982)). "The controversy must exist during all phases of the litigation." *Flittie*, 724 F.2d at 81. "Thus, [the Court does] not have jurisdiction over cases in which due to the passage of time or a change in circumstances, the issues presented will no longer be live or the parties will no longer have a legally cognizable interest in the outcome of the litigation." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004) (cleaned up).

Here, the SRB process concluded on February 7, 2020. (Doc. 37-4.) Because the SRB process has concluded, Roberts request for injunctive relief is moot, and that claim will be dismissed.

### II. Roberts' Claim for Reinstatement is Foreclosed From Judicial Review

Roberts also asks for the Court to order his reinstatement. Roberts was a Title 38 probationary employee for the VA. Such employees are subject to the broad remedial scheme Congress authorized by 38 U.S.C. §§ 7461-64 and thereafter promulgated by the VA in its VA HANDBOOK 5021. The court in *Durr v. Shinseki*, 638 F.3d 1342, 1344–45 (11th Cir. 2011), appropriately summarizes Title 38 employees when it stated:

> Appointments of physicians in the VA system are made under one of two statutory provisions. One of them, 38 U.S.C. § 7405(a)(1)(A), governs temporary appointments, whether they are full-time or part-time, and whether they are with or without compensation. The other provision, 38 U.S.C. § 7401(1), governs all permanent appointments of physicians, which are subject to a two-year probationary period set out in 38 U.S.C. § 7403(b). During that two-year period, a board reviews the record of each probationary physician, and if it determines that the physician is not "fully qualified and satisfactory," he or she is terminated. 38 U.S.C. § 7403(b)(2) (2007). A physician who receives a permanent appointment

---

[4] Roberts specifically requests an injunction as to all retaliation, including the SRB process. A review of the Complaint does not reveal any other alleged retaliation besides the SRB process and his termination. Both are addressed in the present Order.

5

and has successfully completed the two-year probationary period has substantially more job protection than one who is still on probation.

(internal citations omitted). In another case, the district court rejected the plaintiff's due process claims about her termination, noting:

> Because [the VA] considered plaintiff a probationary employee, the disciplinary charges against her were submitted only to Summary Board Review, at which plaintiff did not have the opportunity to cross-examine [the VA's] witnesses and from which plaintiff had no right to appeal.

*Cole-Hoover v. McDonald*, 2015 WL 11142684, at *13 (W.D.N.Y. Dec. 15, 2015), *report and recommendation adopted*, 2016 WL 3651695 (W.D.N.Y. July 8, 2016).

In addition to having his administrative rights to appeal foreclosed, Roberts likewise does not have the right to have his termination judicially reviewed. Several courts throughout the country have held that a Title 38 probationary employee does not have a right to have his termination judicially reviewed. *Giordano v. Roudebush*, 617 F.2d 511, 517 (8th Cir. 1980) ("the limited Board review of a probationary physician's professional competency is the only procedure available to him."); *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1067 (9th Cir. 2008) (The Title 38 regulatory scheme "does not provide for judicial review of the decisions of summary review boards for probationary employees."); *see also Hakki v. Sec'y, Dep't of Veterans Affairs*, No. 8:18-CV-1269-T-35JSS, 2019 WL 7423554, at *6 (M.D. Fla. Sept. 26, 2019) ("[L]ike the [Civil Service Reform Act], the [Veterans Benefits Act] provides a comprehensive statutory scheme for employees of the VA. Thus, when this scheme does not afford certain categories of employees or employees subject to certain types of employment actions with judicial review, the employees cannot use the APA to otherwise obtain such review."); *Pathak v. Dep't of Veterans Affairs*, 274 F.3d 28, 32 (1st Cir. 2001) (Physician appointed to Veterans Health Administration cannot go around Civil Service Reform Act "and assert federal jurisdiction by relying upon the Administrative Procedure Act"); *Fligiel v. Samson*, 440 F.3d 747, 752 (6th Cir. 2006) (Plaintiff "was entitled to specific procedural remedies under Title 38, which did not include judicial review. She cannot now rely on the procedural protections of the APA."). Therefore, judicial review of Plaintiff's termination is precluded and his claim for reinstatement will be dismissed.[5]

---

[5] The Court notes that in Plaintiff's proposed amended Complaint (Doc. 47), he seeks monetary damages for his termination. For the same reasons noted in this Section, the claim for monetary damages would be precluded as well.

6

7

### III. Roberts Lacks Standing on his Claims for Injunctive Relief

Finally, Roberts seeks broad, agency-wide injunctive relief against the VA in his remaining claims. However, as discussed below, Roberts lacks standing to pursue those claims. Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (*quoting Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215 (1975)). "The irreducible constitutional minimum of standing is that a plaintiff show (1) an injury-in-fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision in court." *Carlsen v. GameStop, Inc.*, 833 F.3d 903 (8th Cir. 2016) (quoting *ABF Freight Sys. v. Int'l Bhd. Of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011)) (cleaned up). "A plaintiff has suffered an injury-in-fact if he has experienced 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Carlsen*, Inc., 833 F.3d at 903 (8th Cir. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The injury-in-fact requirement requires a plaintiff seeking injunctive relief to show he "faces a threat of ongoing or future harm." *Park v. Forest Serv. of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000).

Here, Roberts cannot satisfy the injury-in-fact or redressability requirement. Because Roberts has been terminated from the VA, he faces no actual or imminent threat of ongoing or future harm, and any relief provided by the Court would not remedy any theoretical injury Robert possesses. Thus, Roberts lacks standing to pursue claims for injunctive relief, and they must be dismissed. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 570 (8th Cir. 2007) (if the Plaintiff lacks standing, "the case must be dismissed for lack of jurisdiction.").

### IV. The Claims Against the Individual Defendants Fail

Plaintiff's claims against the individually named Defendants fail as well.[6] First, as to Plaintiff's claims for injunctive relief, courts have consistently concluded there is no basis for suing a government official for injunctive relief in his or her individual capacity. *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.") (quoting *Elder-Keep v.*

---

[6] Plaintiff alleges additional claims of relief, namely monetary damages, against the individual Defendants in his proposed amended Complaint. The Court discusses those additional claims below for the purpose of demonstrating the proposed amended Complaint is futile.

*Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006); *see also Buford v. Runyon*, 160 F.3d 1199, 1201 n.3 (8th Cir. 1998) (applying rule to federal employees). As such, the claims against the individual Defendants for injunctive relief are in fact claims against the VA. Because Plaintiff lacks standing for those claims, they must be dismissed as to the individual Defendants as well.

Second, Plaintiff requests, in the alternative, monetary damages from the individual Defendants in his proposed amended Complaint. (Doc. 47.) The Court construes this as seeking to sue the individual Defendants in their individual capacity. (*Id.*) ("I[f] the Court finds that [the individual Defendants] acted outside of their scope and/or assigned duties and roles . . ., then the [individual Defendants] be held personally accountable for the full payment of $2,500,000."). However, even construing this claim liberally, Plaintiff's amended Complaint would fail. As discussed above, Plaintiff was not afforded additional rights or remedies regarding his termination. No evidence or allegations support any claim that any of the individual Defendants violated any rights of the Plaintiff. Therefore, Plaintiff's claims against the individual Defendants must be dismissed as well. To any extent Plaintiff has sought to amend his Complaint, such amendments are futile. *Huerta-Orosco v. Cosgrove*, 979 F. Supp. 2d 974, 979 (N.D. Iowa 2013) ("A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss.") (citing *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir.2007)).

## Conclusion

Accordingly, and after careful consideration, the Court **GRANTS** Defendant VA's motion to dismiss for lack of jurisdiction (Doc. 37) and the motion to dismiss by the individual Defendants (Doc. 38). To any extent Plaintiff moves for leave to amend his Complaint (Doc. 47), the Court **DENIES** that motion as futile. The case is therefore **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 2, 2020